DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, which sentenced defendant-appellant Joel Reissig to an 11 month term of incarceration after a jury found him guilty of domestic violence in violation of R.C. 2919.25, a fifth degree felony. Appellant raises two assignments of error from his conviction and sentence:
 {¶ 2} "1. The record does not support the Trial Court's sentence pursuant to O.R.C. § 2929.13, and the sentence was otherwise contrary to law.
 {¶ 3} "2. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth andFourteenth Amendments to the United States Constitution and Article I, § 10
of the Constitution of the State of Ohio."
 {¶ 4} On October 3, 2002, appellant was indicted on two counts of domestic violence, in contravention of R.C. 2919.25. Appellant pled not guilty to both counts at his arraignment. During a pretrial conference, the counts were severed at appellant's request, and a jury trial was scheduled for November 14, 2002, on Count 2. A trial on Count 1 was to occur thereafter.
 {¶ 5} Count 2 of the indictment alleged that on the night of September 9, 2002, appellant knowingly caused or attempted to cause physical harm to Annette Reissig, his wife, and that he had previously been convicted of domestic violence. At the trial on that charge, the state presented evidence that appellant's wife had sustained bruises to her face after an altercation with appellant. Appellant's wife testified that the bruises were inflicted by appellant during the September 9 confrontation, when he slapped her in the face. Appellant's defense was that any bruising that was evident on his wife occurred as a result of her employment as a forklift operator or from her recent Army Reserve training. Regarding that training, appellant's wife testified that it was physically challenging and had caused some bruising. She indicated, however, that none of the bruises she received during the training were on her face. The defense called as witnesses several individuals who testified regarding the bruises they observed on appellant's wife during a party which occurred the night she returned from her stint with the Army Reserve. The witnesses stated that they had observed bruises on appellant's wife's body, but not her face, just two days before the alleged incidents which formed the basis of Count 2. At the conclusion of the trial, the jury found appellant guilty of domestic violence, and a sentencing hearing was set for January 13, 2003.
 {¶ 6} At the hearing on January 13, the court first addressed Count 1 of the indictment, which alleged that another incident of domestic violence had occurred on August 8, 2002. The state amended Count 1 to reflect the charge as a first degree misdemeanor, appellant entered a guilty plea to that charge, and, after conducting a Crim.R. 11(D) colloquy, the court accepted appellant's plea and found him guilty of Count 1 as amended. The court then proceeded to sentence appellant on both counts. Upon finding that the appellant was not amenable to community control sanctions, the court imposed a prison term of 11 months, one month less than the maximum term allowed, in conjunction with appellant's conviction on Count 2. The court also imposed a six month suspended sentence and probation of five years in accordance with the guilty plea entered on Count 1. Counsel for appellant objected to the sentence on grounds of the propriety of the seriousness factors but made no further argument. The objection was duly noted, and the prescribed sentence was entered on January 13, 2003. It is from that judgment that appellant now appeals.
 {¶ 7} In his first assignment of error, appellant asserts that the 11 month prison sentence he received on Count 2 was unsupported by the record and was contrary to law.
 {¶ 8} At the outset, we note that a defendant who pleads guilty to a fifth degree felony may appeal a prison sentence that was imposed on the ground that the sentence is contrary to law. R.C. 2953.08(A)(4). In reviewing such a sentence, the appellate court may increase, reduce or otherwise modify the sentence and remand the matter for resentencing where it is established by clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 9} R.C. 2929.13(B)(1) enumerates nine factors to be assessed at the outset when sentencing an offender for a fifth degree felony. Provided the court finds applicable any of these factors, the offender's behavior is then examined in conjunction with the seriousness and recidivism factors contained in R.C.2929.12. Upon consideration of these factors, if the court "finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C. 2929.13(B)(2)(a).
 {¶ 10} R.C. 2929.14(A)(5) provides that the sentencing range for a fifth degree felony is six, seven, eight, nine, ten, eleven or twelve months. Additionally, the statute provides that the longest term authorized may be imposed only upon offenders who committed the worst forms of the offense, R.C. 2929.14(C), and further, that the shortest term authorized shall be imposed unless "(1) the offender was serving a prison term at the time of the offense, or the offender previously had served a prison term, [or] (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14 (B).
 {¶ 11} At the sentencing hearing below, the trial court began by noting in accordance with R.C. 2929.11 that "the overriding purposes and principles of felony sentencing are to protect the public from future crime by the offender and others, as well as to punish the offender." The court recognized that "the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact upon the victim," as provided in R.C. 2929.11(B). The court also reviewed appellant's history of criminal convictions, which included two prior domestic violence offenses.
 {¶ 12} The court then examined the factors contained in R.C.2929.13(B)(1). Specifically, the court found that appellant caused physical harm to a person, attempted to cause or made an actual threat of physical harm with a deadly weapon, attempted to cause or made an actual threat of physical harm to a person and was previously convicted of an offense that caused physical harm, and that the offense was committed while the offender was under a community control sanction. Having found that several of the R.C.2929.13(B)(1) factors applied, the court proceeded to consider the "seriousness and recidivism" factors listed in R.C. 2929.12. Regarding the seriousness factors under subsection (B), the court found that the victim did suffer serious physical harm, and that the offense was facilitated by the offender's relationship with the victim. In considering the recidivism factors of subsection (D), the court found that the offender was under post-release control at the time of the offense, and that the offender showed no genuine remorse for the offense. After addressing these factors, the court concluded that a prison term was consistent with the overriding principals and purposes of sentencing and that appellant was not amenable to community control sanctions. The court then sentenced appellant to an 11 month term of imprisonment.
 {¶ 13} Appellant asserts that the trial court did not adequately consider factors indicating that his conduct was less serious than conduct normally constituting domestic violence. In particular, he contends that the trial court failed to consider that his wife induced the offense and that he acted under strong provocation in committing the offense, as outlined in R.C.2929.12(C). As evidence of this, appellant points to his wife's acknowledged extramarital affair. This court has previously ruled that "[u]nless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles [of felony sentencing], but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12." State v. Williams, 6th Dist. No. L-02-1394, 2004-Ohio-466, ¶ 12.
 {¶ 14} The record does not, however, support appellant's argument. Apparently, the alleged physical altercations in this instance were precipitated by unidentified phone calls. Appellant's assertion that he was "provoked" or "induced" by his wife's extramarital affair, where appellant's wife admitted to the affair several months before the incidents of domestic violence, strains the reading of R.C. 2929.12(C). Moreover, it should be noted that the language of R.C. 2929.13(B)(2)(a) provides merely that the court "consider" any of the applicable seriousness and recidivism factors; not that the court explain its reasoning. It is beyond dispute that a trial court is given broad discretion in assessing the weight that should be given the individual factors in a particular sentencing statute. State v.Fox (1994), 69 Ohio St.3d 183, 193, citing State v. Mills
(1992), 62 Ohio St.3d 357, 376.
 {¶ 15} Appellant also contests the length of the term imposed, pointing to the fact that he had never before served a prison term, and argues that the minimum sentence of six months should have been given. As noted above, R.C. 2929.14(B) provides two circumstances under which the trial court should not impose the minimum sentence. In this case, the court found on the record that the minimum sentence would "demean the seriousness of the offender's conduct and [would] not adequately protect the public from future crime by the offender or others." Again, the court only needs to make this finding as supported by the record; it is not required to engage in a detailed discussion of the issue at the sentencing hearing.
 {¶ 16} Having satisfied R.C. 2929.14(B)(2), the court imposed an 11 month sentence. Although the appellant charges that the findings made by the court are not supported by the record, it is noted that appellant has now been thrice convicted of domestic violence offenses. In this most recent conviction, appellant was found to have threatened his victim with a knife while still on probation. The record therefore supports the finding that a sentence longer than the minimum was required to adequately protect the public from future crime by the offender.
 {¶ 17} Appellant further challenges the adequacy of the judgment entry on sentencing. Whereas a previous split in authority among Ohio jurisdictions was acknowledged, the Ohio Supreme Court's recent decision in State v. Comer (2003),99 Ohio St.3d 463, resolves the law as to the duties of the trial court at the sentencing hearing. The court held that the trial court satisfies its obligation by making its statutorily-sanctioned findings on the record at the sentencing hearing. Id. at paragraph one of the syllabus. Thus, the contents of the judgment entry are not dispositive.
 {¶ 18} In accordance with the foregoing, appellant's first assignment of error is not well-taken.
 {¶ 19} In his second assignment of error, appellant argues that at his trial below he received ineffective assistance of counsel, in violation of his rights under the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 20} The Supreme Court of Ohio has adopted a two-part test for determining whether a defendant was afforded effective assistance of counsel:
 {¶ 21} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391 * * *;Strickland v. Washington [1984], 466 U.S. 668, followed.).
 {¶ 22} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus.
 {¶ 23} Additionally, "[c]ounsel's decisions on which witnesses to call fall within the province of trial strategy and will not usually constitute ineffective assistance of counsel."Toledo v. Prude, 6th Dist. No. L-02-1250, 2003-Ohio-3226.
 {¶ 24} Appellant points to two occurrences which he alleges indicate that he received ineffective assistance of counsel. First, he claims that his counsel erred by calling witnesses that actually provided testimony favorable to appellee, while simultaneously failing to call witnesses from his wife's place of employment who could have testified that her work was the source of her bruises. Second, he cites an occurrence at the sentencing hearing wherein defense counsel objected to the sentence in light of the seriousness factors, but did not argue further on the subject.
 {¶ 25} At trial, defense counsel called several witnesses who were at a party attended by appellant and his wife on the night she returned from training with her Army Reserve unit. Appellant claims that these witnesses' testimony damaged his case by establishing that they did not observe any bruising on appellant's wife's face, which would indicate that the facial bruising claimed by appellee as evidence of the domestic violence did not occur during her Army Reserve training. However, the Ohio Supreme Court has cautioned that "[t]o justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." State v.Carter (1995), 72 Ohio St.3d 545, 558. In this case, there were several countervailing reasons why defense counsel might have called the aforementioned witnesses. First, appellant's claim that the bruising may have occurred in the course of his wife's employment was not undercut by such testimony. Second, as explained by defense counsel during his closing argument, his intended purpose for the testimony was to impeach appellant's wife's credibility. Third, although appellant alludes to witnesses from his wife's workplace who could have testified that the described bruising stemmed from her employment, there is no proof that any such witness in fact existed. Given these plausible explanations for calling these witnesses, appellant has not established that his counsel's performance fell below an objective standard of reasonable representation, and the first part of the ineffective counsel test is unsatisfied.
 {¶ 26} Appellant also claims that by objecting to his sentence without arguing further at the sentencing hearing, defense counsel was "ineffective". There is, however, no evidence that the standard of reasonable representation requires argument in such a circumstance, or is there any proof that the outcome of the sentencing hearing would have been different but for counsel's perceived shortcoming. Therefore, appellant's second contention on these grounds likewise fails the ineffective assistance of counsel inquiry. Appellant's second assignment of error is therefore not well-taken.
 {¶ 27} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial or sentencing hearing and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Judgment Affirmed.
Handwork, P.J., Richard W. Knepper, J. and Mark L.Pietrykowski, J. Concur.