DECISION AND JUDGMENT ENTRY
{¶ 1} Terry Lee Jordan appeals his sentence and sexual predator classification from the Ottawa County Court of Common Pleas. Because the trial court made findings which support the sentence imposed and the sexual predator determination, we affirm.
 {¶ 2} On August 29, 2002, the Ottawa County grand jury returned a 36-count indictment against Jordan concerning his conduct involving his step-granddaughter who was seven years old when the offenses began. Counts 1 through 17 charged Jordan with rape, a violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; Counts 18 through 28 alleged gross sexual imposition, a violation of R.C. 2907.05(A)(4), felonies of the third degree; Counts 29 and 30 charged Importuning, a violation of R.C.2907.07(A), felonies of the fourth degree; and Counts 31 through 36 alleged disseminating material harmful to juvenile, a violation of R.C. 2907.31(A)(1), felonies of the fifth degree. On December 2, 2002, Jordan pled guilty to three counts of rape and one count of gross sexual imposition. At the sentencing hearing, the trial court first conducted a hearing on Jordan's sexual classification status and took the matter under advisement. The trial court then sentenced Jordan to nine years for each rape count and five years on the gross sexual imposition and ordered that the sentences be served consecutively. In its decision and judgment entry filed February 25, 2003, the trial court found that Jordan was a sexual predator.
 {¶ 3} Jordan raises the following two assignments of error:
 {¶ 4} "1. The trial court erred when it sentenced appellant to nine years on counts one, two and three and to five years on count eighteen, all to run consecutively.
 {¶ 5} "2. The trial court abused its discretion and erred as a matter of law when it found appellant to be a sexual predator."
 Sentencing Issues {¶ 6} In the first assignment of error, Jordan appeals his sentence under R.C. 2953.08(A)(1)(b), (A)(4), and (G). He contends that (1) the sentence that was imposed for two or more offenses arose out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree; (2) the sentence is contrary to law; and (3) the sentencing court failed to state the required findings on the record to impose consecutive sentences.
 {¶ 7} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 8} When sentencing a defendant, R.C. 2929.11(A) requires that the trial court be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Pursuant to R.C. 2929.11(B), the trial court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C. 2929.11 purposes and principles of sentencing. R.C.2929.12(A).
 {¶ 9} Jordan was convicted of three counts of rape, a felony of the first degree. Pursuant to R.C. 2929.14(A)(1), the prison term range for a first-degree felony is three, four, five, six, seven, eight, nine or ten years. Under R.C. 2929.13(F)(2), rape carries a mandatory prison term.
 {¶ 10} Jordan was also convicted of one count of gross sexual imposition, a felony of the third degree. Pursuant to R.C.2929.14(A)(3), the prison term range for a third-degree felony is one, two, three, four, or five years. The sentencing guidelines in R.C. 2929.13(C), however, do not provide a presumption in favor of a prison sentence or guidance for a community control sentence for third-degree felonies.
 {¶ 11} Initially, we note that there are two areas where Jordan misstates the record.[1] First, Jordan incorrectly argues in his brief that he was sentenced to the maximum term on each count. The maximum sentence for a felony of the first degree is ten years. R.C. 2929.14(A)(1). Jordan was sentenced to nine years for each rape count. The trial court itself stated at the sentencing hearing that it could not impose the maximum term for the rape offenses because it could not find that Jordan had committed the worst form of rape. We will consider Jordan's argument regarding maximum sentence as it relates to the gross sexual imposition charge only.
 {¶ 12} Secondly, Jordan states that his offenses arose from a single incident and that the gross sexual imposition charge is arguably an allied offense of rape. The record does contain some discrepancy concerning the period of time Jordan abused his stepgranddaughter. However, according to the Ottawa County Department of Job Family Services Investigation Report attached to the presentence investigation report, Jordan admitted that there were 10 to 12 incidents over a 12 to 18 month period. The record sufficiently demonstrates that there were separate incidents to support each count to which Jordan pled.
 {¶ 13} Essentially, the sentencing issues are whether the trial court erred by (1) sentencing Jordan to more than the minimum because he had not previously served a prison term; (2) sentencing him to the maximum sentence on the gross sexual imposition count; (3) imposing consecutive sentences; and (4) failing to make a sexual offender classification before sentencing him.
 More than the Minimum Sentence — Rape Convictions {¶ 14} R.C. 2929.14(B) states that if an offender has not served a previous prison term, the trial court shall impose the minimum prison term unless it finds on the record that the minimum would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." Jordan has never served a prison term. Therefore, we must determine whether the trial court made the appropriate findings to impose a prison sentence that exceeds the minimum of three years for the rape convictions.
 {¶ 15} Jordan argues that the trial court's findings were insufficient to justify more than a minimum prison term sentence and that the findings at the sentencing hearing differ from those in the judgment entry.
 {¶ 16} A review of the sentencing transcript reveals that the trial court properly evaluated the seriousness and recidivism factors in R.C. 2929.12. The more serious factors included that (1) the age of the victim exacerbated the injury; (2) the victim suffered serious psychological harm; (3) Jordan's relationship with the victim facilitated the offense; and (4) there was a clearly established pattern of abuse that took place over an extended period of time and involved manipulation and persuasion to ensure compliance. The trial court found no indicators that the offense was "less serious." While Jordan argues that he did not cause or expect to cause physical harm,[2] the record reflects that the victim asked Jordan to stop on at least two occasions and Jordan continued to abuse the child, knowing it was wrong.
 {¶ 17} The trial court also balanced the recidivism factors and ultimately concluded that it was more, rather than less, likely that Jordan would commit future offense. The factors that showed that Jordan was more likely to commit future offenses included: (1) Jordan's history of maladaptive adult attachments and sexual relationships; (2) conduct that became increasingly more premeditated, creating scenarios where the abuse could occur; (3) compulsive action, telling the victim he would stop but continuing the abuse; and (4) statements to the victim, sexual in nature, with reference to another child in the neighborhood. The indicators that Jordan was less likely to re-offend were that (1) Jordan had no prior criminal record or juvenile delinquency adjudications and (2) he appeared to show genuine remorse. In addition to the factors found by the trial court, Jordan argues that recidivism was less likely because there were no drug or alcohol abuse issues involved in the offenses. We are not persuaded, however, that this indicates it is less likely that Jordan would commit future offenses.
 {¶ 18} At the sentencing hearing, the trial court then stated:
 {¶ 19} "In imposing appropriate sentence, I am required to make certain findings. Because the Defendant has not been to prison before, I would be required to sentence him to the shortest period of time although I will not do that because the offenses demean — a non-prison sanction would demean the seriousness of the offenses, and would not adequately protect the public.
 {¶ 20} "As to the rape charges, however, I will not impose the longest term because in order to do that, I must find that the offender committed the worst form of the offense, and I suppose that would be forced vaginal rape with the defendant's sex organ after extreme physical abuse, and that is not here."
 {¶ 21} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165
at ¶ 26, the Ohio Supreme Court held that pursuant to R.C.2929.14(B), when imposing a nonminimum prison term on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing. Here, the trial court sufficiently complied with this mandate. It rejected a minimum prison term because the minimum would demean the seriousness of the rape offenses. Although the trial court also used the term "non-prison sanction," this is not fatal because a sentencing court is not required to use the exact language of the statute. See State v. Estrada (Sept. 18, 1998), 6th Dist. No. S-98-006. It is clear from the entirety of the transcript that the trial court considered the minimum prison term to be demeaning to the seriousness of the rape offenses and not adequate to protect the public. A similar situation arose inState v. Butcher, 11th Dist. No. 2002-A-0059, 2003-Ohio-5537. In that case, the appellate court stated: "Here the trial court stated that `community controls would denigrate the seriousness of what took place here, and, in fact, I feel that a prison sentence is warranted in this case.' We hold that this record demonstrates that the trial court made the necessary findings required by R.C. 2929.14(B) to justify imposing a longer sentence than the minimum authorized sentence. Although the trial court stated that community control sanctions would denigrate the seriousness of Butcher's conduct rather than that the shortest prison term would demean the seriousness of Butcher's conduct, the deviation from the statutory language does not invalidate the court's finding. It has been often stated that `a sentencing court is not required to use the exact language of the statute, as long as it is clear from the record that the court made the required findings.' State v. Miah, 8th Dist. No. 80792, 2002-Ohio-3800, at P16 (citations omitted). In this case, the trial court clearly found that imposing the minimum sentence would not do justice to the seriousness of Butcher's conduct." Id. at ¶ 28. The Butcher court also considered whether the sentencing complied with Comer, supra, and found that it did. Id. at ¶ 29.
 {¶ 22} Jordan also complains that the findings at the sentencing hearing are different than the findings in the trial court's sentencing entry. In State v. Reissig, 6th Dist. No. WD-03-019, 2004-Ohio-1642, at ¶ 17, this court stated "Appellant further challenges the adequacy of the judgment entry on sentencing. Whereas a previous split in authority among Ohio jurisdictions was acknowledged, the Ohio Supreme Court's recent decision in State v. Comer (2003), 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, resolves the law as to the duties of the trial court at the sentencing hearing. The court held that the trial court satisfies its obligation by making its statutorily-sanctioned findings on the record at the sentencing hearing. Id. at paragraph one of the syllabus. Thus, the contents of the judgment entry are not dispositive."
 {¶ 23} We, therefore, find that the trial court did not violate R.C. 2929.14(B) when it imposed more than the shortest prison term.
 Maximum Sentence — Gross Sexual Imposition Conviction {¶ 24} The trial court imposed the maximum sentence for the gross sexual imposition conviction. The state argues because the trial court imposed the maximum sentence, it was not required to comply with R.C. 2929.14(B). We agree. In State v. Gladden
(Jan. 4, 2001), 8th Dist. No. 76908, the Eighth Appellate District stated "once a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it thereafter is not required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously had not served a prison term." A sentence pursuant to R.C. 2929.14(C) is specifically excepted from the requirements of R.C. 2929.14(B); therefore, the trial court did not have to make the requisite findings required by R.C. 2929.14(B) in imposing more than the minimum but it does have to comply with R.C. 2929.14(C).
 {¶ 25} R.C. 2929.14(C) allows for the imposition of the maximum prison term only on offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." The trial court is required to make one of these findings under R.C.2929.14(C) to impose a maximum prison term. In addition, the trial court must state its reasons for those findings pursuant to R.C. 2929.19(B)(2)(d). State v. Patterson (Dec. 14, 1999), Franklin App. No. 99AP-105. In this case, the trial court imposed the maximum prison term on Jordan for the third-degree felony gross sexual imposition conviction. It stated:
 {¶ 26} "As to the gross sexual imposition charge, I find that in that instance the Defendant did commit the worst form of the offense, and that the Defendant possesses the greatest likelihood of committing future offenses, and in that instance, I am entitled to impose the maximum penalty.
 {¶ 27} "I am required to make findings. I incorporate by reference all the findings that I have made up to this point. And further, I find that the victim was seven years old at the time of the first offense and was subjected to sexually deviant acts that increased in severity over time. The Defendant's offending behavior would have continued if left undetected.
 {¶ 28} "Further, the Court finds that the offender poses the greatest likelihood of committing similar future offenses with this victim. The offender exhibits an established pattern of abuse that progressed over a prolonged period of time. The Defendant has a history of conflicting adult attachments and currently very little support from other adults or family.
 {¶ 29} "The Defendant acted with compulsion toward the victim, found himself unable to control his actions and to resist the urge to offend."
 {¶ 30} The trial court made two findings pursuant to R.C.2929.14(C) — that Jordan committed the worst form of gross sexual imposition and that he possessed the greatest likelihood of committing future crimes. The trial court also expressed its reasons on the record for its findings. Jordan argues that the trial court erred by making these findings. He contends that it could not be the worst form of the offense since the trial court did not find that he was a "major offender" and that the trial court did not take into consideration that the victim's grandmother had divorced him.
 {¶ 31} The presentence report, which contains the investigative report from Ottawa County Department of Job 
Family Services, supports the trial court's decision to impose the maximum sentence. The report details a number of different sexual activities that Jordan engaged in with the victim, a child under 13 years of age, including an incident with the family dog. Jordan also admitted that the "molestation began innocently" but that over time he "began to seek out opportunities and to create situations where he would be alone with the victim." He also "ensured an ongoing relationship with her through gifts and favors" and later "resorted to tactics of instilling fear and anxiety in the victim." Finally, Jordan indicated he would have continued his activities if the victim had not reported them to her mother.
 {¶ 32} We conclude that the trial court did not err in imposing the maximum sentence for the gross sexual imposition conviction.
 Consecutive Sentences {¶ 33} Jordan argues that the trial court erred in imposing consecutive sentences because the sentencing judgment entry does not contain the findings the trial court made at the sentencing hearing and the record does not support the findings. He contends that the trial court failed to consider that he was not awaiting trial or sentencing when the offenses occurred and his lack of a criminal history.
 {¶ 34} In order to impose consecutive sentences, a trial court must find three statutory factors. R.C. 2929.14(E)(4). "First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Comer, supra, at ¶ 13. The circumstances in R.C.2929.14(E)(4)(a) through (c) are whether the offender committed the offenses while awaiting trial or sentencing, was under community control sanctions or was under post-release control; whether the harm caused by the offenses so committed was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; and whether the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 35} At the sentencing hearing, the trial court stated:
 {¶ 36} "I feel I am entitled to impose, however, consecutive prison terms because I find them to be necessary to protect the public and punish the offender. I find that consecutive prison terms are not disproportionate either to the nature of the defendant's act or as to prior sentences that I have imposed, and I further find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the defendant's conduct."
 {¶ 37} Jordan cites State v. Grider (2001),144 Ohio App.3d 323, 326 in which the Eighth Appellate District stated "it has been held that merely reciting or tracking the statutory language in R.C. 2929.14 is not sufficient to comply with the mandate set forth in R.C. 2929.19(B)(2)(c) to provide a reason for the consecutive sentence." While the trial court did recite the language of R.C. 2929.14(E)(4), it also made a number of findings at the sentencing hearing which would provide its reason for finding that the harm was so great or unusual to support consecutive sentences. The trial initially stated "Let me preface this by saying that this past month, I started my 23rd year of judging, and I have never seen anything quite like this. I will find it difficult throughout this sentencing to articulate the things that happened, but I am required to do that, * * *. The facts in these cases are aggravating in the extreme." When making its findings pursuant R.C. 2929.12(B), the trial court also found:
 {¶ 38} "The victim has suffered serious psychological harm. She has been diagnosed with a number of disorders. She experiences bouts of anxiety, sadness, depression, guilt and rage.
 {¶ 39} "She is in counseling. She continues to deal with self-esteem issues, and she exhibits difficulty in establishing and maintaining positive peer relationships.
 {¶ 40} "It is anticipated that she will continue to suffer psychologically and physically, and that she will manifest confused sexual identity and experiences throughout her entire life."
 {¶ 41} Based on the above statements, we hold that the trial court has met the statutory requirements for imposing consecutive sentences. The trial court made the requisite findings and supported those findings with reasons.
 Sentencing Prior to Sexual Predator Determination {¶ 42} Jordan contends that the trial court erred by taking the sexual classification under advisement and by failing to provide the mandatory notice of his registration duties as a sexual predator at sentencing as required by R.C. 2950.03(A)(2). He urges us to extend Comer to sexual predator classification hearing.
 {¶ 43} In State v. Elder, 6th Dist. No. OT-01-027, OT-01-028, 2003-Ohio-893 at ¶ 15, this court noted: "The Ohio Supreme Court has held that the statutory requirement that the determination hearing be conducted prior to sentencing is directory rather than mandatory in nature. State v. Bellman
(1999), 86 Ohio St.3d 208, 210-11, 1999-Ohio-95, 714 N.E.2d 381. R.C. 2950.09(B)(1) `does not establish that its time periods are for anything other than convenience and orderly procedure,' [citations omitted] and it `does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.' [citations omitted]. Consequently, a defendant may waive the requirement in R.C. 2950.09 that the sexual predator hearing precede sentencing. Id. See, also, State v. Fox, 6th Dist. No. L-02-1154, 2003-Ohio-484."
 {¶ 44} The transcript in this case shows that at the time of appellant's sentencing hearing, the trial judge informed the parties that he intended to pronounce sentence on appellant before reaching a determination on his status as a sexual predator. Jordan's counsel did not object. On February 25, 2003, the court filed a judgment entry finding appellant to be a sexual predator. On March 3, 2003, a hearing was held to provide notice to appellant pursuant to R.C. 2950.03(A)(2). The transcript of this hearing shows that after the judge complied with the statute's notice requirements, he offered Jordan's counsel an opportunity to make a statement for the record, which was declined.
 {¶ 45} Even if the trial court erred by failing to make the classification determination prior to sentencing and by failing to notify Jordan of his registration duties at sentencing, any error is harmless. Jordan still must show that he was prejudiced in order for us to find reversible error. App.R. 12. Jordan was already incarcerated and faced a mandatory prison term. His duty to register does not arise until his release from prison. R.C.2950.04(A)(1). The trial court, in fact, did notify him of his duty to register in a subsequent court proceeding held shortly after the trial court's decision to classify him as a sexual predator; thus, Jordan has not established any prejudice by the trial court's failure to notify him of his duty to register at the time of sentencing.
 {¶ 46} Based on the above, we find that first assignment of error is not well taken.
 Sexual Predator Classification {¶ 47} In the second assignment of error, Jordan contends that the trial court erred by finding him a sexual predator. He argues that the finding was not supported by clear and convincing evidence because (1) the Court Diagnostic report found he was not likely to reoffend; (2) he had no prior convictions; (3) there was no physical cruelty; (4) he sought treatment prior to his arrest; (5) he accepted blame for his actions; and (6) he is amenable to treatment.[3]
 {¶ 48} A sexual predator is defined as a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). Before a court may adjudicate an offender as a sexual predator, it must find each of these elements established by clear and convincing evidence. R.C.2950.09(B)(4). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 49} Pursuant to R.C. 2950.09(B)(3), in determining whether appellant is a sexual predator, the trial court must consider all relevant factors including, but not limited to, all of the following:
 {¶ 50} "(a) The offender's age;
 {¶ 51} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 52} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 53} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 54} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 55} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 56} "(g) Any mental illness or mental disability of the offender;
 {¶ 57} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 58} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 59} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 60} The trial court has the discretion to determine what weight, if any, should be given to each factor. State v.Thompson (2001), 92 Ohio St.3d 584 at paragraph one of the syllabus. Further, the trial court may rely on one factor more than another, depending on the circumstances of the case. Statev. Boshko (2000), 139 Ohio App.3d 827, 840.
 {¶ 61} The trial court conducted the sexual classification hearing on February 13, 2003, prior to sentencing. It received into evidence the report of the Court Diagnostic and Treatment Center and the presentence report, including the psychological reports from the Drs. Nijakowski and Doane. No additional evidence was presented, and the trial court took the matter under advisement. On February 25, 2003, the trial court issued its decision finding Jordan to be a sexual predator. The judgment entry states that the trial court considered the factors set forth in R.C. 2950.09(2)(a)-(j) and that it had reviewed a transcript of the Malden, Missouri proceedings in which two counts of rape and two counts of sodomy had been dropped against Jordan. The trial court found that Jordan was likely to engage in sexually oriented offenses in the future despite the Court Diagnostic and Treatment Center's evaluator's determination that Jordan fell into the low risk category of recidivism. The trial court based its findings on the Missouri incident and the protracted intensity and extreme nature of the current offenses.
 {¶ 62} The trial court indicated that it reviewed a transcript from the Missouri charges. This transcript, however, was not admitted into evidence and is not included in the record of this case. It is also troublesome that when defense counsel sought to address the Missouri incident during the sentencing phase, the trial court stopped counsel and stated: "If it will assist you, that is not a conviction. There was no plea, no finding, and I simply have not considered that for any purpose." Furthermore, the presentence report indicates that the Missouri charges were dismissed because the blood and semen evidence did not match Jordan.
 {¶ 63} While the trial court may have erred in using the Missouri charges, we find that there is sufficient evidence to support the trial court's finding that Jordan is a sexual predator. The victim was seven years old when the abuse began. Jordan was 47. The evidence also shows that Jordan engaged in a pattern of abuse that last for 12 to 18 months. He manipulated the victim and threatened her that if she told anyone he would get into trouble. Jordan also showed the victim child pornography, expressed interest in an 11 year-old neighbor, and asked the victim whether any of her friends had had sex.
 {¶ 64} Jordan argues that a number of factors weigh in his favor — no prior criminal history; multiple victims were not involved; drugs and alcohol were not used in the commission of the offenses; no mental illness or disability; and no display of cruelty. The R.C. 2950.09(B)(3) factors, however, provide a guideline for a court to consider. State v. Tracy (May 20, 1998), Summit App. No. 18623. There is no magic number of factors to make a sexual predator finding. The balance of the factors does not necessarily have to weigh in favor of a sexual predator finding. See, State v. Osborne (July 28, 1999), Summit App. No. C.A. 18848; State v. Mollohan (Aug. 19, 1999), Washington
 {¶ 65} App. No. 98 CA 13. In addition, "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication."State v. Eppinger (2001), 91 Ohio St.3d 158, 167.
 {¶ 66} Jordan also disputes the finding that he is likely to reoffend because the Court Diagnostic and Treatment Center evaluator and his own psychologist determined that he was low risk for recidivism. The Court Diagnostic report indicates that two tests were performed. The Static-99 shows that Jordan fell into the low risk category with five and fifteen year probabilities of reoffense at less than seven percent. The Minnesota Multiphasic Personality Inventory-2 was not valid for interpretation due to Jordan's difficulty seeing and accepting his own faults and his denial and minimization of his conduct. The trial court, however, is not bound by these recommendations. Jordan has been diagnosed as a pedophile. He admitted that his conduct escalated from opportunistic touching to premeditated oral sex. Jordan also stated that although he knew it was wrong and the victim had asked him to stop on more than one occasion, he would have continued to abuse the victim if she had not told her mother what was happening.
 {¶ 67} We find that the second assignment of error is not well-taken.
 Conclusion {¶ 68} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay court costs of this appeal.
Judgment affirmed.
State v. Jordan OT-03-009
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., Concur.
[1] There were also a number of incorrect citations throughout appellant's brief as well.
[2] In the appellate brief, Jordan also refers to factors under R.C. 2929.12(D) and (E) to support his argument that his conduct was less serious. These factors, however, deal with Jordan's likelihood of committing future offenses and will considered when discussing recidivism.
[3] Jordan also argues that the trial court erred when it failed to consider whether he was a habitual sex offender. In order to be classified as a habitual sex offender, a person has to be convicted of or plead guilty to a sexually oriented offense and previously been convicted of, pled guilty to, or been adjudicated a delinquent child for committing one or sexually oriented offenses. R.C. 2950.01(B). Since Jordan had no prior criminal history or adjudications, he could not have been classified as a habitual sex offender.