DECISION AND JUDGMENT
{¶ 1} Appellant, Gregory Horner, appeals the trial court's decision on a motion to withdraw a no contest plea, which was filed before sentencing. Because we conclude that the indictment was not defective, and that the trial court committed no reversible error, we affirm. *Page 2 
 {¶ 2} This case arose out of a robbery scheme conducted by appellant, Gregory Horner, and his co-defendant, James Hahn, which occurred in Toledo, Ohio, on March 30, 2006. On June 19, 2006, appellant was indicted in a six-count indictment in trial court case No. CR-2006-2357, and Hahn was indicted in a separate six-count indictment in trial court case No. CR-2006-2581. A superseding indictment in trial court case No. CR-2006-3208 was issued against both appellant and Hahn. The indictment charged three counts of felony-one aggravated robbery in violation of R.C. 2911.01(A)(3) and three counts of felony-two felonious assault in violation of R.C. 2941.145. On February 27, 2007, both appellant and Hahn, by and through their counsel, elected to withdraw their former pleas of not guilty and enter pleas of no contest to the first five counts of the indictment (three aggravated robbery and two felonious assault charges along with their attendant firearm specifications.) Additionally, the state promised to recommend that both serve a maximum sentence of ten years. At the conclusion of the joint plea hearing, the court accepted the pleas of both appellant and Hahn and scheduled their sentencing for March 23, 2007.
 {¶ 3} At the sentencing hearing on March 23, 2007, Hahn was sentenced first. After the state recommended the ten year maximum sentence cap, the trial court decided not to follow the prosecutor's ten year cap recommendation and Hahn received a total sentence of 12 years in prison. Appellant then orally requested leave to obtain new counsel and to file a motion to withdraw his no contest plea. *Page 3 
 {¶ 4} On May 31, 2007, appellant's motion was heard by the court. Appellant, represented by new counsel, testified and was cross-examined by the state. The motion to withdraw the pleas was denied and the trial court then proceeded to sentence appellant to an 11 year prison term. Appellant now appeals setting forth the following assignments of error.
 {¶ 5} "I. It constituted error to deny appellant's motion to withdraw plea.
 {¶ 6} "II. Appellant did not receive effective assistance of counsel."
 {¶ 7} In his supplemental brief, appellant sets forth a supplemental assignment of error for review:
 {¶ 8} "III. It constituted error to find appellant guilty on counts one, two and three pursuant to appellant's plea of no contest."
 {¶ 9} In his first assignment of error, appellant contends that the court erred in denying his motion to withdraw plea.
 {¶ 10} A presentence motion to withdraw a plea of guilty should be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521,526. A defendant, however, does not have an absolute right to withdraw a guilty plea prior to sentencing. There must be a reasonable and legitimate basis for the withdrawal of the plea. Id. at paragraph one of the syllabus. The decision to grant or deny a defendant's motion lies within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the decision of the trial court must be affirmed. Id. at 527. In order to find an abuse of discretion, a reviewing court must find more than error; the reviewing court *Page 4 
"must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.'" Id., quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 11} To determine whether a trial court abused its discretion, we look to, inter alia, "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Dellinger, 6th Dist. No. H-02-007, 2002-Ohio-4652, ¶ 18; quoting State v. Griffin (2001),141 Ohio App.3d 551, 554, 2001-Ohio-3203.
 {¶ 12} It is quite clear that the state would be prejudiced by the passage of time and the fact that the victims were from out of state. Further, appellant was represented by highly qualified counsel, and there is nothing in the record here suggesting counsel's performance was deficient. There is no claim that the trial court failed to comply with Crim. R. 11, and the record is clear that appellant understood the charges and the potential sentences. Appellant was given a full and fair hearing on the motion. The court heard evidence, judged appellant's demeanor and applied the factors set forth in State v. Ebersole, reaching a conclusion that appellant's motion was not supported by any reasonable, legitimate reasons. Finally, nothing in the record raises the claim that *Page 5 
appellant was actually innocent or had a valid defense. We cannot say that the court's decision to deny appellant's motion was arbitrary or capricious; accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} In his second assignment of error, appellant contends he received ineffective assistance of counsel.
 {¶ 14} To determine whether an appellant entered guilty pleas in reliance on ineffective assistance of counsel, the Supreme Court of Ohio uses the two-prong test set forth in Strickland v. Washington (1984),466 U.S. 668. Xie, 62 Ohio St.3d at 524; see, also, Hill v.Lockhart (1985), 474 U.S. 52 (United States Supreme Court applying theStrickland test to guilty pleas). First, the appellant "must show that counsel's performance was deficient." Xie, at 524; Strickland, at 687;Hill, at 57. "Second, `the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.'" Xie, at 524; quoting Hill, at 59; seeStrickland, at 687.
 {¶ 15} Appellant asserts that his attorney at the time of entering his plea, was ineffective in failing to secure the promise of a reduced sentence prior to the plea.
 {¶ 16} "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Sanders (2002), 94 Ohio St.3d 150, 151,2002-Ohio-350; quoting Strickland, 466 U.S. 689. Therefore, we are compelled by the Strickland standard to apply a "heavy measure of deference to counsel's judgments." Sanders, at 151, quotingStrickland, at 691. In our view, counsel's *Page 6 
judgment was sound and there is nothing in the record to support appellant's contention that his original counsel provided unreasonable professional assistance.
 {¶ 17} Next, appellant contends that his attorney at the motion hearing was ineffective in failing to call his original counsel or the Wood County detectives as witnesses at such hearing.
 {¶ 18} "`[C]ounsel's decisions on which witnesses to call fall within the province of trial strategy and will not usually constitute ineffective assistance of counsel.' Toledo v. Prude, 6th Dist. No. L-02-1250, 2000-Ohio-3226." State v. Reissig, 6th Dist. No. WD-03-019,2004-Ohio-1642, ¶ 23. Even debatable trial tactics do not constitute ineffective assistance of counsel. Ohio v. Clayton (1980),62 Ohio St.2d 45, 49.
 {¶ 19} Moreover, reviewing courts must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners.Strickland at 689; State v. Keenan (1998), 81 Ohio St.3d 133, 153,1998-Ohio-459. Upon review, this court concludes that appellant's trial counsel was not ineffective in failing to call additional defense witnesses. Appellant's second assignment of error is not well-taken.
 {¶ 20} In his supplemental assignment of error, appellant challenges the sufficiency of his indictment pursuant to State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I"), and State v. Colon,119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II"). This court has already determined thatColon I and Colon II apply only to cases in which a defendant has been indicted for the offense of robbery in violation of *Page 7 
R.C. 2911.02(A)(2). State v. Walker, 6th Dist. No. L-07-1156, 2008-Ohio-4614, ¶ 71, and State v. Hill, 6th Dist. No. WD-07-022, 2008-Ohio-5798, ¶ 21. Therefore, we conclude that, in this case, the indictment was not defective, there is no plain error, and State v. Colon does not apply. Accordingly, appellant's supplemental assignment of error is not well-taken.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1