THE STATE OF OHIO, APPELLEE, *v.* COLON, APPELLANT.

[Cite as *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749.]

(Nos. 2006–2139 and 2006–2250—Submitted
June 3, 2008—Decided July 31, 2008.)

MOYER, C.J.

{¶ 1} This matter is before us on a motion for reconsideration filed by appellee, the state of Ohio. Appellee's motion for reconsideration was supported by amici curiae, the Clark County Prosecutor's Office and the Ohio Prosecuting Attorneys Association. Defendant-appellant, Vincent Colon, filed a memorandum opposing reconsideration.

{¶ 2} In *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I*"), this court held that the indictment against defendant was defective because it failed to charge an essential element of the offense, the mens rea of the charged offense. Id. at ¶ 19. We further held that the defendant did not waive the defect in the indictment by failing to raise that issue at trial. Id. at syllabus.

I

{¶ 3} Our holding in *Colon I* is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. In *State v. Evans* (1972), 32 Ohio St.2d 185, 61 O.O.2d 422, 291 N.E.2d 466, we stated that " 'application of a new rule of law to a pending appeal is not retrospective,' and * * * the new rule applie[s] to the cases pending on the announcement date." Id. at 186, 61 O.O.2d 422, 291 N.E.2d 466, quoting *State v. Lynn* (1966), 5 Ohio St.2d 106, 108, 34 O.O.2d 226, 214 N.E.2d 226.

{¶ 4} We recently restated this principle in *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, at ¶ 6: "A new judicial ruling may be applied

only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." (Citations omitted.)

{¶ 5} Therefore, the rule announced in *Colon I* is prospective in nature and applies only to those cases pending on the date *Colon I* was announced.

## II

{¶ 6} We assume that the facts that led to our opinion in *Colon I* are unique. As we stated in *Colon I,* the defect in the defendant's indictment was not the only error that had occurred: the defective indictment resulted in several other violations of the defendant's rights. 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 29. In *Colon I,* we concluded that there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery, nor was there evidence that the state argued that the defendant's conduct was reckless. Id. at ¶ 30. Further, the trial court did not include recklessness as an element of the crime when it instructed the jury. Id. at ¶ 31. In closing argument, the prosecuting attorney treated robbery as a strict-liability offense. Id.

{¶ 7} In a defective-indictment case that does not result in multiple errors that are inextricably linked to the flawed indictment such as those that occurred in *Colon I,* structural-error analysis would not be appropriate. As we stated in *Colon I,* when a defendant fails to object to an indictment that is defective because the indictment did not include an essential element of the charged offense, a plain-error analysis is appropriate. 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 23. Pursuant to Crim.R. 52(B), "plain errors" that affect a defendant's substantial rights "may be noticed although they were not brought to the attention of the court." In most defective-indictment cases in which the indictment fails to include an essential element of the charge, we expect that plain-error analysis, pursuant to Crim.R. 52(B), will be the proper analysis to apply.

{¶ 8} Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as *Colon I,* in which multiple errors at the trial follow the defective indictment. In *Colon I,* the error in the indictment led to errors that "permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence." Id. at ¶ 23, citing *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17. Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim.R. 52(B) plain-error analysis. Consistent with our

discussion herein, we emphasize that the syllabus in *Colon I* is confined to the facts in that case.

Judgment accordingly.

PFEIFER, O'CONNOR, and WOLFF, JJ., concur.

LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., dissent.

WILLIAM H. WOLFF JR., of the Second Appellate District, sitting for CUPP, J.

---

**O'DONNELL, J., dissenting.**

{¶ 9} I continue to adhere to my earlier dissent as I anticipate uncertainty among the members of the bench and bar as to the application of a structural-error analysis, as opposed to a plain-error analysis, following the court's decision today.

{¶ 10} If I understand the majority, the error here is structural because it "permeate[d] the trial from beginning to end." *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 23, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17. But this occurred only because Colon never raised the matter at the trial level and raised it for the first time on appeal. Wouldn't every error not raised by a defendant have the potential to become structural error?

{¶ 11} In *State v. Hill* (2001), 92 Ohio St.3d 191, 199, 749 N.E.2d 274, we explained that "the concept behind structural error is that certain errors are so fundamental that they obviate the necessity for a reviewing court to do a harmless-error analysis." But application of the harmless-error standard assumes that the defendant preserved the error for review, and there is no similar "structural-error exception" to the plain-error doctrine under Crim.R. 52(B) when the defendant fails to object in the trial court. See id.; see also *Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643; *Johnson v. United States*, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718.

{¶ 12} I agree that errors are "structural" when they "permeate the trial," *Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17, and infect the entire " 'framework within which the trial proceeds.' " *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, quoting *Arizona v. Fulminante* (1991), 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302. I fail to grasp, though, how structural error occurred in this case, but that a different defendant who faces a defective indictment and raises the matter as Colon did on appeal should not be treated in the same manner as Colon. As the court in *Neder v. United States* (1999), 527 U.S. 1, 14, 119 S.Ct. 1827, 144 L.Ed.2d 35, emphasized, "[A] constitutional error is either structural or it is not." See also *United States v.*

*Stewart* (C.A.6, 2002), 306 F.3d 295, 322, citing *Neder* at 14, 119 S.Ct. 1827, 144 L.Ed.2d 35 ("After all, structural error is not to be determined on a case-by-case basis. * * * The Supreme Court's approach to such errors has been categorical").

{¶ 13} Structural-error analysis does not permit a court to determine that a particular error, e.g., omission of an essential element from an indictment, is structural error in one case but not structural error in another. Rather, structural-error analysis is applied when a particular error permeates the trial and renders it fundamentally unfair in *every* case, such that, when the error occurs, "no criminal punishment may be regarded as fundamentally fair." *Rose v. Clark* (1986), 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460.

{¶ 14} The Supreme Court has identified the following as structural errors, and *every* case in which they occur is subject to immediate reversal on appeal: denial of counsel, *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; biased trial judge, *Tumey v. Ohio* (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749; racial discrimination in the selection of a grand jury, *Vasquez v. Hillery* (1986), 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598; denial of self-representation at trial, *McKaskle v. Wiggins* (1984), 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122; denial of a public trial, *Waller v. Georgia* (1984), 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31; and a jury instruction defining reasonable doubt as "grave uncertainty," *Sullivan v. Louisiana* (1993), 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182.

{¶ 15} Omitting an essential element from an indictment does not rise to that level.

{¶ 16} Finally, the majority opinion appears to conflict with our holding in *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144, in which the indictment also failed to include a judicially interpreted mens rea element of recklessness, an essential element of the offense of child endangering. We rejected O'Brien's constitutional argument that amendment of the indictment, pursuant to Crim.R. 7(D), by inserting the recklessness element allowed him to be convicted of an offense not charged by the grand jury. As we stated there, the "[f]ailure to include the element of 'recklessness' in an indictment for endangering children in no way alters either the name, identity or severity of the offense charged." Id. at 127, 30 OBR 436, 508 N.E.2d 144. Thus, we held, "[a]n indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment." Id. at paragraph two of the syllabus.

{¶ 17} Based on our holding in *O'Brien*, it is my view that the defect in Colon's indictment did not alter the name or identity of the offense of robbery charged by the grand jury and that the defect could have been cured by a motion filed pursuant to Crim.R. 7(D). Thus, I fail to see how the omission of recklessness from Colon's indictment constitutes structural error or why it requires automatic reversal, particularly when Colon failed to object in the trial court.

{¶ 18} For these reasons, I continue to dissent.

LUNDBERG STRATTON and LANZINGER, JJ., concur in the foregoing opinion.

---

**LANZINGER, J., dissenting.**

{¶ 19} Although, on motion for reconsideration, the majority announces that its decision shall not be applied retroactively, I continue to maintain my dissenting opinion as previously expressed and also join Justice O'Donnell's dissenting opinion with respect to structural error.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker and Matthew E. Meyer, Assistant Prosecuting Attorneys, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, urging reconsideration for amicus curiae, Ohio Prosecuting Attorneys Association.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Amy M. Smith, Assistant Prosecuting Attorney, urging reconsideration for amicus curiae, Clark County Prosecutor's Office.