OPINION *Page 2 
{¶ 1} Defendant Mark W. Frash appeals two judgments of the Court of Common Pleas of Licking County, Ohio. In App. No. 08-102, appellant appeals the trial court's judgment overruling appellant's motion to void his conviction on one count of complicity to kidnapping, one count of complicity to aggravated robbery, one count of complicity to attempted kidnapping, one count of escape, and one count of complicity to carrying concealed weapons, all with firearms specifications. In App. No. 08-106, appellant appeals the Licking County Court of Common Pleas judgment overruling his motion to void another conviction for aggravated robbery. Appellant was indicted on the above offenses in 1999, and entered a plea of guilty in each case in 2000. We consolidate the cases for purposes of this opinion because they deal with identical issues. In each appeal, appellant assigns an identical error:
 {¶ 2} "THE APPELLANT WAS DENIED HIS RIGHTS GUARANTEED BY ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION, FIFTH ANDFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE STATE CONVICTED AND SENTENCED HIM VIA AN INDICTMENT THAT OMITTED AN ESSENTIAL MENS REA ELEMENT AND THE COURT ABUSED IT'S DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO VOID JUDGMENT WHICH SEEKED [SIC] TO CORRECT THE STRUCTURAL ERROR."
 {¶ 3} Appellant brought his motions to void his convictions pursuant to State v. Colon, 118 Ohio St. 3d 26, 2008-Ohio-1624, 885 N.E. 2d 917, hereinafter Colon I. In Colon I, the Ohio Supreme Court held when an indictment fails to charge the mens rea *Page 3 
element of a crime, the error is structural error and the defendant's failure to raise the defect in the trial court does not waive appellate review of the error.
 {¶ 4} Several months later, the Ohio Supreme Court announced its decision on reconsideration of Colon I. In State v. Colon,119 Ohio St. 3d 204, 2008-Ohio-3749, 893 N.E. 2d 169, hereinafter Colon II, the Supreme Court clarified its holding in Colon I. In Colon II, the Supreme Court held: "Our holding in Colon I is prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively,Colon II, at paragraph 3, citations deleted.
 {¶ 5} The Supreme Court explained a new judicial ruling may be applied only to cases that are pending on the announcement date, and may not be applied retroactively to a conviction that has become final, i.e. where the accused has exhausted all of his or her appellate remedies.Colon II, at paragraph 4, citations omitted. The Supreme Court concluded the rule announced in Colon I is prospective in nature and applies only to the cases pending on the date Colon I was announced, Id. at paragraph 5.
 {¶ 6} In the two cases at bar, appellant entered guilty pleas in 2000, and neither case was pending on April 9, 2008, when the Supreme Court announced its opinion in Colon I.
 {¶ 7} In each case, the assignment of error is overruled. *Page 4 
 {¶ 8} For the foregoing reasons, the judgments of Court of Common Pleas of Licking County, Ohio are each affirmed.
 Gwin, P.J., Hoffman, J., and Wise, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant. *Page 1