[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Caliel Carey, appeals a judgment of the Cuyahoga County Court of Common Pleas, denying his petition for postconviction relief. For the following reasons, we affirm.
 {¶ 2} Carey was found guilty by a jury of two counts of aggravated robbery under R.C. 2911.01(A)(1), each with one-and three-year firearm specifications. The facts at trial established that Carey committed "two separate aggravated robberies with firearms on two different victims." See State v. Carey, 8th Dist. No. 88487, 2007-Ohio-3073, ___3 (where this court upheld his convictions). On February 19, 2008, this court denied Carey's application to reopen his appeal.
 {¶ 3} Carey filed a petition for postconviction relief on May 27, 2008 and moved to amend it on July 14, 2008. Relying on State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I"), he argued that his state and federal constitutional rights to a grand jury were violated because the indictment against him omitted the mens rea element of aggravated robbery.
 {¶ 4} On August 14, 2008, the trial court denied his petition for postconviction relief.
 {¶ 5} It is from this judgment that Harris now appeals, raising a sole assignment of error for our review:
 {¶ 6} "The trial court committed an error of law by dismissing the petition for post-conviction relief (8/14/08 entry)." *Page 4 
 {¶ 7} Since a postconviction relief proceeding is a collateral civil attack on a judgment, the judgment of the trial court is reviewed under the abuse of discretion standard. State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, at ___58. An abuse of discretion is more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 8} R.C. 2953.21(A)(1)(a) provides:
 {¶ 9} "Any person who has been convicted of a criminal offense *** who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, *** may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 10} The petition, however, must be filed within the time limits set forth in R.C. 2953.21(A)(2), which states:
 {¶ 11} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or *Page 5 
adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 12} Carey filed his postconviction relief petition on May 27, 2008. The trial transcript was filed with this court on August 30, 2006. Thus, his petition was clearly untimely. When a petition for postconviction relief is untimely, R.C. 2953.23(A) mandates that a trial court may entertain it only in limited circumstances; i.e., if a petitioner establishes the following two prongs:
 {¶ 13} He or she was either "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation," and (2) "[t]he petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."[1]
 {¶ 14} Carey does not allege that he was unavoidably prevented from discovering facts entitling him to relief or that the United States Supreme Court *Page 6 
recognized a new federal or state right that applied retroactively to him. For this reason alone, we find that he did not meet the limited jurisdictional requirements under the postconviction relief statute.
 {¶ 15} Although he argued in his petition that he was entitled to relief under Colon I, he fails to raise it to this court. Nonetheless, even if he had raised it, it would not alter the outcome of this appeal.Colon I applies only to cases that were pending on appeal when it was decided. See State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, ___5 ("Colon II") (Ohio Supreme Court clarified that "the rule announced inColon I is prospective in nature and applies only to those cases pending on the date Colon I was announced").[2]
 {¶ 16} Therefore, we find no error in the trial court's denial of Carey's postconviction relief petition.
 {¶ 17} Carey's sole assignment of error is overruled and the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] There is another exception that is not applicable here because it deals with DNA testing results. See R.C. 2953.23(A)(2).
[2] Since Colon I is not retroactive, we are not addressing whether it would or would not apply to Carey's convictions in this case. *Page 1