JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, James Riddle, appeals from a judgment convicting him of attempted rape and kidnapping and labeling him a Tier III sex offender. For the following reason, we affirm.
 {¶ 2} The Cuyahoga County Grand Jury indicted Riddle on two counts: attempted rape, a violation of R.C. 2923.02 and R.C. 2907.02, with a sexually violent predator specification; and kidnapping, in violation of R.C. 2905.01(A)(2) and R.C. 2941.147, with sexual motivation and sexually violent predator specifications.
 {¶ 3} The sexually violent predator specifications were bifurcated and tried to the bench. The remaining charges were tried to the jury. We glean the following facts from the record.
 {¶ 4} Riddle went into a laundromat around 6:00 a.m. and asked the victim (who worked there) if he could use the restroom. She unlocked the restroom for him. A few moments later, he came out and told her there was something wrong with the facilities. When she went into the restroom, he attacked her. He pushed her down on the floor, tried to pull her pants down, and undid his belt buckle. He then tried to kiss her and said, "You are going to like it." She fought back, bit his lip, and asked him, "What are you doing with an old lady? I'm sixty-one **** years old." He then ran out of the laundromat. *Page 4 
 {¶ 5} The trial court found Riddle guilty of the sexually violent predator specifications and the jury found him guilty as charged in the indictment. The trial court sentenced Riddle to eighteen years to life in prison, notified him that he would be subject to five years of postrelease control upon his release, and labeled him a Tier III sex offender.[1] It is from this judgment that Riddle appeals, raising two assignment of errors for our review:
 {¶ 6} "[1.] The trial court erred when it classified the defendant under Ohio's 2007 S.B. 10 amended sexual predator law.
 {¶ 7} "[2.] The trial court erred in its conviction of kidnapping because the indictment ommitted [sic] the essential mens rea element for the proscribed conduct."
 {¶ 8} In his first assignment of error, Riddle argues that the Adam Walsh Act, under which he was classified as a Tier III sex offender, violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
 {¶ 9} The record reveals that Riddle did not raise the constitutionality of the Adam Walsh Act at the trial court level. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue *** therefore *Page 5 
need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, at the syllabus. Since Riddle did not raise the constitutionality of the Adam Walsh Act to the trial court, we need not address it here.
 {¶ 10} Riddle's first assignment of error is overruled.
 {¶ 11} In his second assignment of error, Riddle argues that count two of the indictment against him, charging kidnapping, was defective underState v. Colon, 18 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I"), and this defect created a structural error that can be raised any time.
 {¶ 12} In Colon I, the Ohio Supreme Court examined an indictment based on the robbery statute, R.C. 2911.02(A)(2), which is silent as to a culpable mental state. Since the statute is silent, the Supreme Court determined that under R.C. 2901.21, the "catchall culpable mental state" of recklessness applied. Because the indictment did not include the necessary element of recklessness, it was defective. Id. at ___ 12-15.
 {¶ 13} The Court went on to hold: "When an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." Colon I at the syllabus. It found that in that particular case, a structural-error analysis applied due to the constitutional errors that permeated the defendant's trial.
 {¶ 14} In State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749("Colon II"), however, the Supreme Court clarified its holding inColon I. First, it made clear *Page 6 
that Colon I is prospective and applies only to those cases pending on the date that it was released. It then went on to explain: "We assume that the facts that led to our opinion in Colon I are unique. As we stated in Colon I, the defect in the defendant's indictment was not the only error that had occurred: the defective indictment resulted in several other violations of the defendant's rights." Id. at _6, citingColon I at _29. The Court noted that in addition to the defective indictment, the defendant had no notice that recklessness was an element of the charged offense, the state did not argue that the defendant's conduct was reckless, the trial court did not instruct the jury on the element of recklessness, and the prosecutor treated robbery as a strict liability offense in closing arguments. Id.
 {¶ 15} The Supreme Court concluded: "In a defective-indictment case that does not result in multiple errors that are inextricably linked to the flawed indictment such as those that occurred in Colon I, structural-error analysis would not be appropriate." Id. at _7. Instead, the Court stated that a plain error analysis is proper when a defendant fails to object to an indictment that is defective because it does not charge an essential element of an offense. Id. The Court stated: "In most defective-indictment cases in which the indictment fails to include an essential element of the charge, we expect that plain-error analysis, pursuant to Crim. R. 52(B), will be the proper analysis to apply." Id. *Page 7 
 {¶ 16} Before determining whether structural-error analysis applies in this case, we must first determine whether the indictment was defective. The count in the indictment that is at issue, kidnapping (count two), mirrored the words of the Revised Code. This section, R.C. 2905.01(A), provides in pertinent part:
 {¶ 17} "No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes ***." The statute then lists five purposes. See R.C. 2905.01(A)(1)-(5).
 {¶ 18} Riddle maintains that the indictment should have stated: "[t]he Grand Jurors, on their oaths, further find that the Defendant unlawfully and by force, threat, or deception recklessly removed Jane Dow from the place where she was found ***." (Emphasis sic.) We disagree.
 {¶ 19} In State v. Parker, 8th Dist. No. 90256, 2008-Ohio-3681, this court addressed this exact issue. We held that unlike the robbery statute addressed in Colon, which does not specify a culpable mental state, the kidnapping statute does specify a culpable mental state, namely, "purpose." Id. at _38. We explained, "`[k]idnapping involves apurposeful removal or restraint, ***' in terms of an offender's culpable mental state." (Emphasis sic.) Id., quoting State v. Maurer (1984),15 Ohio St.3d 239, 270. Thus, count two of Riddle's indictment, charging kidnapping, was not defective. *Page 8 
 {¶ 20} Accordingly, Riddle's second assignment of error is overruled.
 {¶ 21} The judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The trial court also ordered that every year while in prison, Riddle be placed in solitary confinement on the anniversary of the date of offense. *Page 1