DECISION AND JUDGMENT
{¶ 1} This is a consolidated appeal from judgments of the Lucas County Court of Common Pleas, which found appellant guilty of one count of tampering to conceal the identity of a vehicle, in violation of R.C. 4549.62(A) and (E), a felony of the fifth degree, in case No. CR08-1180; one count of burglary, in violation of R.C. 2911.12(A)(3) and *Page 2 
(C), a felony of the third degree, in case No. CR07-1418; and one count of attempting to receive stolen property, in violation of R.C. 2923.02 and 2913.51, a felony of the fifth degree, in case No. CR08-1005. Appellant was sentenced to serve consecutive terms of incarceration of nine months, four years, and nine months, respectively. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appointed counsel, Dan Weiss, has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In the brief filed on appellant's behalf, appointed counsel sets forth three proposed assignments of error. In support of the request to withdraw, counsel for appellant states that, after reviewing the record of proceedings from the trial court below, counsel was unable to find any meritorious appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be utilized by an appointed counsel who desires to withdraw based upon the lack of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she "should so advise the court and request permission to withdraw." Id., at 744. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id.
 {¶ 4} In the course of seeking to withdraw pursuant toAnders, counsel must also furnish the client with a copy of the brief, the request to withdraw, and furnish the client sufficient time to raise any matters that the client wishes to on a pro se basis. Once these *Page 3 
criteria have been met, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is frivolous. If it is determined that the appeal is frivolous, then the appellate court may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court finds further that appellant was notified by counsel of his right to file an appellant brief; however, no pro se brief was filed.
 {¶ 6} Accordingly, this court shall proceed with an examination of the potential assignments of error proposed by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 7} Counsel for appellant sets forth the following three proposed assignments of error:
 {¶ 8} "A. THE TRIAL COURT ERRED IN PROCEEDING TO SENTENCING WHERE APPELLANT'S STATE CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HE WAS NOT ISSUED A PROPER INDICTMENT.
 {¶ 9} "B. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND *Page 4 FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN OF THE OHIO CONSTITUTION.
 {¶ 10} "C. APPELLANT'S SENTENCE WAS UNFAIR AND CONTRARY TO THE SPIRIT OF THE PLEA AGREEMENT."
 {¶ 11} The following undisputed facts are relevant to the issues raised on appeal. On April 9, 2008, pursuant to negotiated plea agreements, appellant entered pleas of guilty to one amended count of burglary, in violation of R.C. 2911.12(A)(3) and (C), a felony of the third degree, one count of attempting to commit receiving stolen property, a violation of R.C. 2923.02 and 2913.51, a felony of the fifth degree, and one count of tampering with the identifying numbers to conceal the identity of a vehicle, in violation of R.C. 4549.62(A) and (E), a felony of the fifth degree. The trial court accepted appellant's pleas and made findings of guilt based upon the prosecutor's statement of the evidence. On April 28, 2008, the trial court sentenced appellant to serve consecutive terms of incarceration of four years, and two terms of nine months, respectively. It is from this sentence that appellant now appeals.
 {¶ 12} In the first proposed assignment of error by counsel for appellant, it is suggested that the trial court committed prejudicial error in sentencing appellant based, in part, on an improper indictment. As correctly conceded by counsel for appellant, "the intent element of an offense is an essential element * * * and an indictment that does not charge a defendant with intent does not charge a defendant with the crime." State v. Colon ("Colon I"), 118 Ohio St.3d 26, 2008-Ohio-1624, ¶ 38. However, the Supreme *Page 5 
Court of Ohio has further expressed "that the facts that led to * * *Colon I are unique." State v. Colon ("Colon II"), 119 Ohio St.3d 204,2008-Ohio-3749, ¶ 6. Moreover, the Supreme Court of Ohio emphasized "that the syllabus in Colon I is confined to the facts in that case." Id., at ¶ 8. This court has carefully examined the record and finds clear evidence that this case involves a burglary charge in violation of R.C. 2911.12, not R.C. 2911.02, thus Colon I is factually distinguishable and therefore inapplicable. Furthermore, the record shows that the indictments explicitly state the requisite state of mind for appellant's convictions. Appellant's first proposed assignment of error is without merit.
 {¶ 13} In the second proposed assignment of error, it is suggested that appellant was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, appellant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied upon as having produced a just result." Strickland v. Washington (1984), 466 U.S. 668,686. The standard of proof requires appellant to satisfy a two-prong test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Id., at 687. Second, appellant must show prejudice by a reasonable probability that, but for counsel's perceived errors, the results of the proceeding would have been different. Id. See, also, State v. Smith, 9th Dist. No. 04-CA-0042,2005-Ohio-1001, para; 32. Furthermore, it is well-settled that appellant's burden of proof is high given the *Page 6 
presumption that a properly licensed attorney is competent. State v.Hamblin (1988), 37 Ohio St.3d 153, 156.
 {¶ 14} Counsel for appellant suggests that appellant may have an argument on appeal based on counsel's failure to object to an alleged flaw in the indictment concerning the requisite mens rea. For the reasons stated above, and as counsel for appellant correctly concedes, such an objection could not properly be sustained. Therefore, appellant suffered no prejudicial effect from counsel's failure to object and cannot satisfy the prejudice prong of the Strickland test. It is well-settled that the court need not satisfy one prong before the other, rather "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."Strickland¸ supra, at paragraph three of the syllabus. Appellant's second proposed assignment of error is without merit.
 {¶ 15} In the third proposed assignment of error, counsel for appellant suggests that the trial court erred in sentencing appellant unfairly and in contravention of the spirit of the plea agreement. It is well-established that "[a] trial court has broad discretion in sentencing * * *." State v. Yontz (1986), 33 Ohio App.3d 342, 343. We need not belabor our analysis on this suggested point. We note that the record establishes that the trial court properly considered the principles and purposes of sentencing, pursuant to R.C. 2929.11, and balanced the seriousness and recidivism factors, pursuant to R.C. 2929.12, in the course of sentencing appellant. Furthermore, during sentencing the court explicitly addressed appellant's four prior felonies as well as prior misdemeanors. Moreover, the *Page 7 
state of Ohio effectively dismissed two additional felony counts against appellant pursuant to a nolle prosequi agreement. Appellant's third proposed assignment of error is without merit.
Accordingly, upon our own independent review of the record, we find no grounds for meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is granted.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expenses incurred in preparation for the record, fees allowed by law, and the fee for filing in the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1