OPINION
{¶ 1} Defendant, Donald Gillispie, was indicted on two counts of felonious assault, one count of discharging a firearm on prohibited premises, three counts of murder, one count of having weapons while under a disability, and one count of tampering with evidence. Defendant entered guilty *Page 2 
pleas to those charges. In exchange, the State dismissed six firearm specifications, agreed to merge the felonious assault charges and the murder charges, and further agreed to recommend that all of the sentences run concurrently for a total sentence of fifteen years to life. Defendant orally moved at the sentencing hearing to withdraw his guilty pleas. The trial court denied that motion, and imposed concurrent sentences totaling fifteen years to life.
 {¶ 2} Defendant appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 3} "APPELLANT'S STATE CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HIS INDICTMENT OMITTED AN ELEMENT OF EACH OFFENSE."
 {¶ 4} Relying on the holding in State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624, Defendant argues that his convictions and sentences for discharging a firearm and tampering with evidence are invalid because his indictment omitted the mens rea elements necessary to charge those offenses.
 {¶ 5} Colon held that omission of mens rea elements when charging offenses other than strict-liability offenses, for *Page 3 
which no culpable mental state is required to commit the offense, is a structural error and therefore fatal. That holding was subsequently modified in State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, to provide that the proper standard of review is the plain error standard. Plain error does not exist unless it can be said that but for the error the outcome of the trial clearly would have been different. State v.Long (1978), 53 Ohio St.2d 91.
 {¶ 6} Defendant waived his right to trial and entered guilty pleas. A guilty plea is a complete admission of guilt. Crim. R. 11(B). "[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 19.
 {¶ 7} Defendant did not assert his actual innocence. Neither does he argue that he would not have entered his guilty pleas to the offenses of discharging a firearm on a prohibited premises and tampering with evidence absent the defects in the indictment he alleges. Therefore, plain error is not demonstrated. State v. Long.
 {¶ 8} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 9} "APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY AND *Page 4 
VOLUNTARILY ENTER GUILTY AND NO CONTEST PLEAS."
 {¶ 10} Defendant argues that he did not knowingly, intelligently and voluntarily waive his rights when he entered his guilty pleas. State v.Engle, 74 Ohio St.3d 525, 1996-Ohio-179. In making that determination the focus should be on the trial court's compliance with the requirements in Crim. R. 11. State v. Kelley (1991), 57 Ohio St.3d 127.
 {¶ 11} Defendant's claim is based upon the following exchange during the court's colloquy with Defendant:
 {¶ 12} "THE COURT: Do you understand the charges:
 {¶ 13} "THE DEFENDANT: Yes, sir.
 {¶ 14} "THE COURT: And by understand them, I mean you know what they're all about and the nature and elements of the cases and, if the State went to trial, what it would have to prove.
 {¶ 15} "THE DEFENDANT: Yes, sir.
 {¶ 16} "THE COURT: Have you discussed all that with your attorney?
 {¶ 17} "THE DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: Do you need to take any more time to talk to her?
 {¶ 19} "THE DEFENDANT: Yes. I mean, I just don't want to — I don't want to just be pleading right now. She just told *Page 5 
me — like she just said, she just told me that. I don't have no time to really think about this.
 {¶ 20} "THE COURT: Okay. So you don't want to plead right now.
 {¶ 21} "THE DEFENDANT: No, sir.
 {¶ 22} "THE COURT: And do you — it's set for trial on Monday and it's going to trial. So do you want to take some time to go in the back room and talk some more with your attorney? You want to take a little break here?" (Plea T. 7-8).
 {¶ 23} At that point the trial court recessed the plea hearing to give Defendant additional time to confer with his counsel in private about the State's plea offer and whether Defendant wanted to accept it. The court indicated on the record that it was doing that in order to make sure that all of Defendant's concerns were addressed. The trial court had earlier given Defendant the opportunity to confer with his father, who was in the courtroom, regarding this matter, and after a lengthy recess in the plea hearing, the following transpired:
 {¶ 24} "THE COURT: We're back on the record. It's still Friday afternoon and Mr. Gillispie, you've had considerable time here to talk further with your lawyer. Do you need any *Page 6 
more time?
 {¶ 25} "THE DEFENDANT: No, sir." (Plea T. 8).
 {¶ 26} Defendant then proceeded with the plea proceeding, waived his rights, and entered his guilty pleas.
 {¶ 27} Crim. R. 11 provides:
 {¶ 28} "(C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 29} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 30} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 31} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses *Page 7 
against him or her, to have compulsory process for obtaining
witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 32} The trial court complied with the dictates of Crim. R. 11(C)(2). The court advised Defendant of and obtained Defendant's assurance that he was entering his pleas voluntarily and that he understood the nature of the charges against him, the maximum penalties, that he was not eligible for community control or judicial release, the various constitutional rights that he waived by pleading guilty, the effect of his pleas, and that the court could immediately proceed to judgment and sentence.
 {¶ 33} Defendant argues that it is implausible that one could knowingly and intelligently decide his fate in a little more than one hour. However, when the colloquy concluded, Defendant said he needed no more time. Defendant's own words belie his argument on appeal.
 {¶ 34} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 35} "APPELLANT'S TRIAL COUNSEL'S FAILURE TO FILE A WRITTEN MOTION TO WITHDRAW APPELLANT'S PLEAS CONSTITUTED *Page 8 
INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 36} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id.; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 37} Defendant argues that his trial counsel performed in a deficient manner when she failed to file a written motion to withdraw Defendant's guilty pleas, and is based upon the following exchange between his attorney and the court during the sentencing hearing:
 {¶ 38} "THE COURT: Miss Wortham-Spells there has been an agreed-upon sentence in this case that we went over in much detail at the time of the plea, but is there anything further you wish to say at this time?
 {¶ 39} "MS. SPELLS: Yes, thank you, Your Honor. As the Court's indicated, it was an agreed-upon plea and sentence, and I just spoke with my client. He's indicated that he — it *Page 9 
is his desire to vacate his guilty plea. We will at this time make that oral motion, and I'll follow that up with a written motion.
 {¶ 40} "Further, we will file a motion to withdraw as counsel. He will need counsel appointed.
 {¶ 41} "THE COURT: To pursue the motion to withdraw the plea?
 {¶ 42} "MS. SPELLS: Yes, sir.
 {¶ 43} "THE COURT: Well, you did alert me to this beforehand and the Court has indicated to you, and with the information before it, that the Court will not grant the oral motion. If there is a written motion, the Court certainly will consider that." (Sentence T. 24).
 {¶ 44} Defendant argues that his counsel's failure to then file a written motion to withdraw his pleas deprived him of an opportunity to have the court consider his request for that relief. That may be, but in order to find that Defendant was prejudiced on the outcome-based standard that Strickland and Bradley impose, we necessarily must find that Defendant's motion probably would have been granted had counsel filed a written motion. We are unable to make that finding because the record does not reflect what the grounds of the motion would have been, and neither does Defendant argue in his brief *Page 10 
what they could be.
 {¶ 45} Defendant's third assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur.
Copies mailed to: Kirsten A. Brandt, Esq., Frank A. Malocu, Esq., Hon. Connie S. Price. *Page 1