**The STATE of Ohio, Appellee,**

v.

**SUMMERS, Appellant.**

[Cite as *State v. Summers,* 182 Ohio App.3d 139, 2009-Ohio-1883.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91676.

Decided April 23, 2009.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Aaron Brock-ler and Lisa Stickan, Assistant Prosecuting Attorneys, for appellee.

Britta M. Barthol, for appellant.

SEAN C. GALLAGHER, Judge.

{¶ 1} Appellant, James Summers, appeals his conviction and sentence for robbery in violation of R.C. 2911.02. For the reasons stated herein, we reverse and remand.

{¶ 2} Summers was indicted on November 14, 2007, on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with firearm specifications, and one count of robbery in violation of R.C. 2911.02(A)(2) with firearm specifications. Summers entered a plea of not guilty to the charges, and the case proceeded to a jury trial.

{¶ 3} The jury found Summers not guilty on the aggravated-robbery charge but guilty on the robbery charge without the firearm specifications. The trial court sentenced Summers to a prison term of four years with postrelease control.

{¶ 4} Summers filed this appeal, raising two assignments of error for our review. His first assignment of error provides as follows: "I. The appellant was deprived of his right to due process when the indictment against him failed to contain notice of all the essential elements of the crime for which he was convicted."

{¶ 5} Summers argues that his indictment for robbery in violation of R.C. 2911.02(A)(2) was defective because it failed to include the mens rea element of recklessness. He further states that the trial court failed to instruct the jury on the element of recklessness. He argues that his conviction should be reversed under the authority of the Ohio Supreme Court's holding in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I* "), and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II* ").

{¶ 6} In *Colon I*, the court found that an indictment for robbery in violation of R.C. 2911.02(A)(2) was defective when it omitted the mens rea element of recklessness, which was an essential element of the crime. *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 29–30. The court proceeded to apply a structural-error analysis and found that the defect clearly permeated the defendant's entire criminal proceeding when there was no evidence in the record that the defendant had notice that the state was required to prove that he had been reckless in order to convict him of the offense of robbery. Id. at ¶ 32. The court specifically recognized that at trial the state did not argue that the defendant's conduct was reckless, the state treated robbery as a strict-liability offense in closing argument, and the trial court failed to instruct the jury on the required mens rea for the offense. Id.

{¶ 7} The holding in *Colon I* was confined to the "unique" facts of that case, and the Ohio Supreme Court has clarified that "structural-error analysis * * * is appropriate only in rare cases, such as *Colon I*, in which multiple errors at the trial follow the defective indictment." *Colon II*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, at ¶ 8.

{¶ 8} Similar to the situation in *Colon I*, the defendant in this case was charged and convicted of robbery in violation of R.C. 2911.02(A)(2). The statute provides as follows: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another * * *." R.C. 2911.02(A)(2). The culpable mental state for the act of "inflict[ing], attempt[ing] to inflict, or threaten[ing] to inflict physical harm" under this statute is recklessness, which is an essential element of the crime. *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ¶ 10–13.

{¶ 9} Our review of the indictment reflects that it did not specify the mens rea element of recklessness for the robbery charge. Further, there is no indication that the state argued during trial that Summers's conduct with respect to inflicting physical harm upon the victim was reckless. The state treated the charge as a strict-liability offense. Finally, the trial court did not instruct the jury on the element of recklessness.

{¶ 10} The state argues that the trial court did instruct the jury as to the mens rea of "purposely." As in *Colon I,* the "purpose" instruction was given in regard to defining the element of "purpose to deprive" associated with the aggravated robbery charge and the underlying theft. At no time did the trial court instruct the jury in connection with the robbery charge, under count two, that the state was required to prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. The trial court clearly omitted the mens rea element, instructing as follows: "[Y]ou must find beyond a reasonable doubt that * * * the defendant, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense upon [the victim], inflicted, attempted to inflict or threatened to inflict physical harm on [the victim]."

{¶ 11} We find that this case presents the same accumulation of errors presented in *Colon I.* As in *Colon I,* there is no evidence in the record that the defendant had notice that the state was required to prove that he had been reckless in order to convict him of the offense of robbery. Further, there is no evidence in the record that the jury considered whether the defendant was reckless in inflicting, attempting to inflict, or threatening to inflict physical harm, as is required to convict under R.C. 2911.02(A)(2). The defect in the indictment clearly permeated the defendant's entire criminal proceeding. We find that a structural error occurred requiring a reversal of Summers's robbery conviction. See *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917; *State v. Gilbert,* Cuyahoga App. No. 90615, 2009-Ohio-463, 2009 WL 270522; *State v. Ginley,* Cuyahoga App. No. 90724, 2009-Ohio-30, 2009 WL 41820; *State v. Briscoe,* Cuyahoga App. No. 89979, 2008-Ohio-6276, 2008 WL 5084720.

{¶ 12} Summers's first assignment of error is sustained. His second assignment, which challenges his conviction as against the manifest weight of the evidence, is moot.

{¶ 13} The judgment is reversed, and the case is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CONWAY COONEY, A.J., and MCMONAGLE, J. concur.