Pfeifer, J.,
dissenting.
{¶ 69} I agree with Justice Lanzinger’s conclusion that R.C. 2901.21(B) imposes a mens rea of recklessness on R.C. 2911.01(A)(3). Had the majority so concluded, instead of determining that R.C. 2911.01(A)(3) is a strict-liability offense, the majority could have properly weighed in on the continued viability of this court’s decisions in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (“Colon I ”), and State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 (“Colon II”). But Colon I and Colon II never applied to indictments for strict-liability offenses, i.e., offenses without a mens rea. If an offense lacks a mens rea, the indictment for that offense cannot be faulty for failing to state a mens rea. The majority’s strict-liability determination renders Colon I and Colon II inapplicable to this case, and the majority thus improperly overrules them.
{¶ 70} Had the majority found recklessness as the operative mens rea here, then Colon I and Colon II would have been fair game, since Colon I and Colon II involved a situation in which R.C. 2901.21(B) imposed a mens rea of recklessness and the indictment failed to set forth that mens rea. Here, the majority overrules Colon I and Colon II even before determining whether they are applicable. You can overrule the Colon cases or you can find strict liability for an R.C. 2911.01(A)(3) offense, but you cannot do both in this case.
*480 Timothy Young, Ohio Public Defender, and Spencer Cahoon, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.