DECISION.
{¶ 1} Defendant-appellant Jason Damen appeals his conviction for one count of aggravated robbery[1] with a gun specification. After a bench trial, the trial court found Damen guilty and then sentenced him to three years for the robbery and three years for the gun specification, to be served consecutively. We affirm.
 {¶ 2} On June 20, 2003, Damen and his co-defendant, William Gardner, robbed Richard Mullins of cash during a drug buy. Testifying at Damen's trial, Mullins stated that Damen had called him and asked him if he wanted to buy some marijuana. Mullins testified that he had agreed to buy some marijuana and that Damen had driven to Mullins's house. Once there, Mullins got into Damen's car and Damen drove around the corner.
 {¶ 3} Mullins testified that as he was sitting in the passenger seat looking at the marijuana Damen had given him, Gardner came up to the passenger window and put a gun to Mullins's face. Mullins testified that he recognized the gun and knew it was Damen's. According to Mullins, Gardner told him to get out of the car, and Damen told him to pull out his money. Mullins testified that, as he pulled his money out, he dove out the driver's window, over Damen's lap, leaving about $60 behind.
 {¶ 4} After jumping out the window, Mullins got up and began running away. While running, he heard two shots fired. He then heard Damen tell Gardner to get in the car, and the two drove away. Mullins ran to a nearby car, told the driver that he had just been robbed, and asked the driver to take him to a police station.
 {¶ 5} When questioned at trial whether he had previously stated that he had been robbed of $130, Mullins stated, "I don't recall. I know they got my money. I didn't count my money before I went out there." Mullins also testified that he and Gardner had had a fistfight about two weeks before the robbery. Mullins added that he thought he was robbed because he had "beat up" Gardner.
 {¶ 6} Arnold Couch testified that, on the night of the robbery, he was driving to a softball game. Stopped behind a car at a stop sign, Couch saw a man with a gun walk up to the passenger window of the car ahead of him. Couch testified that there was a struggle in the car, and that the passenger then climbed out the driver-side window onto the ground. The man with the gun pointed it over the top of the car and tried to fire it as the other man ran away. According to Couch, the gunman then fired the gun once straight up into the air and got into the car, and the car drove away.
 {¶ 7} Couch testified that the man who had run away came running back towards him. After verifying that the man had not been shot, Couch offered to take him to a police station. Couch stated that, on the way to the police station, the man was quite scared and told him that he had been robbed.
 {¶ 8} Gardner testified that Damen had called Mullins to buy some marijuana. Gardner went with Damen to Mullins's house, but Damen dropped Gardner off at the corner before picking Mullins up. Gardner testified that after Damen picked Mullins up and drove to the corner, Gardner ran up to the car with a gun, which was Damen's, and told Mullins to get out of the car. Gardner testified that Mullins did not get out, but instead jumped out the driver-side window and took off running.
 {¶ 9} Gardner testified that he had been a friend of Mullins since junior high school, but that they had recently gotten into a fight and Gardner wanted to get revenge. Gardner at first testified that they did not intend to rob Mullins, but then he testified that he and Damen had earlier in the day discussed their plan to rob Mullins. Gardner testified, "Jason called Ritchie to buy some weed, and he said, uhm, whatever he's got we are going to get. We both had discussed it." Gardner also testified that, after Mullins jumped out the window, he did not leave behind any money.
 {¶ 10} In his one assignment of error, Damen argues that his conviction was against the manifest weight of the evidence. A challenge to the weight of the evidence attacks the credibility of the evidence presented.[2] When evaluating the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[3] The discretionary power to reverse should be invoked only in exceptional cases "where the evidence weighs heavily against the conviction."[4]
 {¶ 11} Specifically, Damen argues that Mullins gave conflicting testimony about how much money was stolen from him and that Gardner gave conflicting testimony about Damen's intent to commit a robbery. In addition, Damen contends that Mullins's and Gardner's testimony conflicted, in that Mullins testified that Damen told Mullins to remove his money and that he did so, but that Gardner testified that Damen did not say anything to Mullins and that Mullins did not remove anything from his pocket.
 {¶ 12} We do not find Damen's arguments persuasive. Mullins testified quite clearly that he was not sure how much money he had before the robbery and that he was not sure how much money was stolen from him. Gardner testified that he and Damen had discussed their plan to rob Mullins earlier in the day, agreeing that whatever Mullins had, they would take.
 {¶ 13} And variances in the testimony of two people about the same event do not necessarily mean that either version is incorrect. For the most part, Mullins's and Gardner's versions of events were consistent, leading the trier of fact to conclude that Damen and Gardner had devised a plan to rob Mullins and had carried it out.
 {¶ 14} We conclude that it was not a manifest miscarriage of justice for the trier of fact to find that Damen had commited aggravated robbery while using a gun. Therefore, Damen's conviction for aggravated robbery was not against the manifest weight of the evidence.
 {¶ 15} Accordingly, we overrule Damen's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Doan, P.J., and Hildebrandt, J., concur.
[1] R.C. 2911.01(A)(1).
[2] See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
[3] See id.; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[4] See State v. Martin, supra.