DECISION. *Page 2 
{¶ 1} Defendant-appellant Derek Jones appeals his convictions for two counts of felonious assault with gun specifications. The convictions were pursuant to verdicts by a jury.
 {¶ 2} Jones asserts six assignments of error. Each will be addressed separately.
 SHOOTING ONE: STEVIE POLLARD {¶ 3} Jones and victim Stevie Pollard had known each other for years. On March 24, 2006, during the evening hours they met to discuss Jones's dissatisfaction with a cellular phone he had bought from Pollard. After the discussion, according to Pollard, Jones was "disappointed" and "mad looking" and repetitive about needing his money back for the phone.
 {¶ 4} Pollard then obliged Jones's request for a ride two to three blocks away. As Jones exited from the car and walked behind the car, he pulled out a gun and fired several shots into the car. The car's rear window was shattered and bullet holes were found in the car's body. Pollard quickly left the scene and called the police.
 SHOOTING TWO: GERALD BARNES {¶ 5} Victim Gerald Barnes was the boyfriend of Jones's mother on March 25, 2006. At approximately 8:15 p.m. on that date, Barnes went to the mother's home, where he found Jones sitting in a car in front of the house. Shortly after they *Page 3 
entered the house, an argument between the mother and Barnes erupted. Barnes walked up the stairs in the house and paused on a landing. Jones shot Barnes in the back, causing him to be paralyzed. As Jones was passing Barnes, he struck him in the head with the gun, causing a laceration.
 RELIEF FROM JOINDER {¶ 6} In his first assignment of error, Jones argues that he was prejudiced by the refusal of the trial court to sever the counts of the indictment. He asserts that the nature of the two incidents called for them to be tried separately.
 {¶ 7} When a defendant claims that he is prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts are severed, and (2) if not, whether the evidence of each crime is simple and distinct.[1]
 {¶ 8} Jones does not even argue in this case that the evidence of each crime was not simple and distinct. In fact, he states in his brief that "[t]he evidence in each offense involved separate witnesses and evidence and was simple and distinct." He only argues that hearing about different crimes in the same trial, in general, can confuse a jury. This is not enough for relief from joinder. This court recently noted, "The object of the simple-and-distinct test is to prevent the jury from improperly considering evidence of various crimes as corroborative of each other. The very essence of the rule is that the evidence be such that the jury is unlikely to be confused by it or misuse it. Generally, under the simple-and-distinct test, if the evidence of each offense is direct and uncomplicated, it is presumed that the trier of fact is *Page 4 
capable of segregating the proof and not cumulating evidence of the various offenses being tried."[2]
 {¶ 9} The evidenced adduced at trial was simple and distinct as to each incident. Jones was not entitled to severance. This assignment of error is overruled.
 SEPARATION OF WITNESSES {¶ 10} In his second assignment of error, Jones argues that the trial court committed plain error when it failed to sanction the violation of its separation-of-witnesses order. No plain error occurred.
 {¶ 11} After Stevie Pollard had testified, the state called his father, Renee. It turned out that Renee had been in the courtroom. But there was no evidence that the state had known this prior to the moment that the trial court pointed it out when Renee was called to the stand. "Where, in a criminal case, a witness' disobedience of an order for a separation of witnesses is not by procurement or connivance of the party calling him, a trial court may not use such disobedience as the basis for its refusal to permit the witness to testify."[3]
 {¶ 12} Since there was no showing that the state had any knowledge that Renee was in the courtroom, the trial court did not have the authority to sanction the conduct. As the Seventh Appellate District recently noted, no error occurs when "[t]here is no indication in the record that the State assisted in circumventing the court's order and [the defendant] could have used [the witness's] presence during his *Page 5 
testimony as a basis to question her credibility."[4] In light of this, the failure to sanction in this case was not plain error. The assignment of error is overruled.
 OTHER-ACTS EVIDENCE {¶ 13} Jones next argues that several statements made during the testimony at trial constituted violations of Evid. R. 404(B). Resultantly, Jones claims the only appropriate action by the trial court should have been to declare a mistrial. The trial court made no such declaration, and we agree that it was unnecessary.
 {¶ 14} Evid. R. 404(B) states, "Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 15} With respect to the statements Jones complains about, in those instances where defense counsel objected, the trial court ordered the jury to disregard the statements. The jury is presumed to have followed the instructions of the court and disregarded the statements.[5]
 {¶ 16} The other allegedly improper statements were not objected to and are subject to a plain-error analysis. A review of these statements indicates that their admission did not amount to plain error. This court has held, in a felonious-assault case, that "[a]dmission of testimony that allegedly constituted other-acts evidence in violation of Evid. R. 404 [does] not amount to plain error, when the disputed *Page 6 
testimony was brief, and when the state otherwise presented eyewitness testimony identifying the defendant as the perpetrator of the charged offense."[6] Such is the situation in the case sub judice. This assignment of error is overruled.
 PROSECUTORIAL MISCONDUCT {¶ 17} In the next assignment of error, Jones alleges that the prosecutor's actions during the trial constituted misconduct and deprived him of a fair trial. We review the prosecutor's actions to determine "whether they were improper and, if so, whether they prejudicially affected substantial rights of the defendant."[7] The fairness of the trial, not the culpability of the prosecutor, is the key consideration.[8]
 {¶ 18} First, Jones claims that the prosecutor acted inappropriately during voir dire, but the record does not reflect the challenged conduct, and the trial court indicated that it had not seen it. There is no authority for the proposition that the trial court had to inquire of the jurors if they had seen it.
 {¶ 19} The claim that the prosecutor played a role in the violation of the separation-of-witnesses order is not supported by the record.
 {¶ 20} The claim that the prosecutor elicited improper other-acts evidence is not supported by the record, because none of the statements that constituted the "other acts" was directly solicited.
 {¶ 21} During closing argument, the prosecutor commented on why Jones might have shot Pollard (to keep him from calling the police and turning him in). This was a fair comment on the evidence presented. *Page 7 
 {¶ 22} The comment that the defense was throwing out red herrings did not constitute misconduct, and other courts have so held.[9] None of the allegations of prosecutorial misconduct is well founded. This assignment of error is overruled.
 NON-HEARSAY TESTIMONY {¶ 23} Jones claims that it was plain error for the trial court to admit the testimony of police officer Andre Dawson regarding what Stevie Pollard had told him regarding his shooting incident.
 {¶ 24} Specifically, the testimony went as follows:
 {¶ 25} "[Prosecutor]: Q. Okay. And what did you do? How did you proceed to investigate this?
 {¶ 26} "[Police Officer Dawson]: A. I remember asking him, you know, I was in the area and I didn't hear any shots fired. I asked him what happened. And he said that he had got into an argument with somebody over a cell phone and that the guy got mad, got out of his car. And I believe, I am not sure if he was pulling off or something, and the guy shot at the rear of his car.
 {¶ 27} "Q. Okay. And did he tell you the location of the offense?
 {¶ 28} "A. He said that it happened on Blair Avenue * * *."
 {¶ 29} Clearly, Officer Dawson was relating what had occurred during his investigation. Under these circumstances, Jones's statement was not being admitted *Page 8 
for the truth of the matter asserted.[10] When a statement such as this is offered to explain a police officer's conduct while investigating a crime, it is not hearsay.[11]
 {¶ 30} Further, since the plain-error analysis applies, there having been no objection rendered, the statement in no way would have changed the outcome of the trial. The admission of the testimony was not plain error.
 SUFFICIENCY OF EVIDENCE AND MANIFEST WEIGHT {¶ 31} Jones argues that his convictions were based upon insufficient evidence and were against the manifest weight of the evidence. Both assignments are without merit.
 {¶ 32} Because the assignments are related, we address them together.
 {¶ 33} When an appellant challenges the sufficiency of the evidence, we must determine whether the state presented adequate evidence on each element of the offense.[12] On the other hand, when reviewing whether a judgment is against the manifest weight of the evidence, we must determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[13]
 STEVIE POLLARD-SUFFICIENT EVIDENCE {¶ 34} Jones and Pollard had known each other for years. They became embroiled in a dispute over a cellular phone. The testimony indicated that Jones was not pleased with the outcome of the dispute. Pollard testified, "I seen him fire at *Page 9 
me." The vehicle that Pollard was sitting in at that time sustained a shattered rear window and three bullet holes.
 {¶ 35} Such testimony, if found to be credible by the jury, was sufficient and appropriate to sustain a conviction for felonious assault. And the jury did not lose its way in finding Jones guilty.
 GERALD BARNES-SUFFICIENT EVIDENCE {¶ 36} The evidence at trial showed that Barnes had sustained serious physical harm as the result of a gunshot wound to the back. Barnes testified that he had undergone surgery ("[t]he bullet is still in me"), and that he could not walk as a result of the shooting. The evidence further showed that Barnes had identified Jones as the person who had shot him during an argument between Barnes and Jones's mother.
 {¶ 37} This testimony, if found to be credible, was sufficient and appropriate to sustain a conviction for one count of felonious assault.
 {¶ 38} As for the defense that Barnes was too intoxicated to know who had shot him, that was an issue to be decided by the trier of fact, and it did not lose its way in finding Jones guilty.
 {¶ 39} Regarding both shootings, Jones's arguments are overruled.
 JURY INSTRUCTION {¶ 40} Jones's last argument is that the jury should have been instructed on the offenses of aggravated assault and criminal damaging. *Page 10 
 {¶ 41} The record does not reflect that Jones requested any jury instructions on lesser offenses. Even if such instructions had been requested, the evidence at trial would not have required the court to give them.
 CONCLUSION {¶ 42} Derek Jones received a fair trial. All of his assignments of error are without merit.
 {¶ 43} Therefore, we affirm the judgment of the trial court.
Judgment affirmed.
HILDEBRANDT, J., and SUNDERMANN, P.J., concur.
[1] State v. Allen, 1st Dist. Nos. C-050010 and C-050011, 2006-Ohio-2338, at ¶ 20, citing State v. Schaim,65 Ohio St.3d 51, 59, 1992-Ohio-31, 600 N.E.2d 661.
[2] Id. at ¶ 21.
[3] State v. Smith (1990), 49 Ohio St.3d 137, 142, 551 N.E.2d 190, quoting State v. Cox (1975), 42 Ohio St.2d 200, 327 N.E.2d 639, paragraph one of the syllabus.
[4] State v. Hohvart, 7th Dist. No. 06MA43,2007-Ohio-5349, at ¶ 34.
[5] See State v. Garner (1995), 74 Ohio St.3d 49, 59, 656 N.E.2d 623
(A jury is presumed to follow the instructions, including curative instructions, given by a trial judge.).
[6] State v. Ford (Nov. 12, 1999), 1st Dist. No. C-980957, discretionary appeal not allowed (2000), 88 Ohio St.3d 1434,724 N.E.2d 810.
[7] State v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883.
[8] Smith v. Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940.
[9] See State v. Smith, 8th Dist. No. 86690,2006-Ohio-3156, at ¶¶ 18-53.
[10] See State v. Thomas (1980), 61 Ohio St.2d 223, 232,400 N.E.2d 401 (Extrajudicial statements made by an out-of-court declarant are properly admissible to explain the actions of a witness to whom a statement is directed.).
[11] State v. Blevins (1987), 36 Ohio App.3d 147, 149,521 N.E.2d 1105, citing Thomas, supra.
[12] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[13] See id. at 387. *Page 1