The STATE of Ohio, Appellee,

v.

HAMILTON, Appellant.

[Cite as *State v. Hamilton*, 183 Ohio App.3d 819, 2009-Ohio-4602.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22895.

Decided Sept. 4, 2009.

Mathias Heck, Montgomery County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Daniel J. O'Brien, for appellant.

DONOVAN, Presiding Judge.

{¶ 1} This matter is before the court on the notice of appeal of Frank Robert Hamilton III, filed August 14, 2008. On December 12, 2007, the grand jurors of Montgomery County returned an indictment charging Hamilton with discharge of a firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3) and (C)(4), a felony of the first degree, along with a firearm specification. Hamilton pleaded not guilty.

{¶ 2} On May 14, 2008, Hamilton filed a motion to dismiss the indictment, arguing that the indictment "fails to specify any requisite degree of culpability, an essential element of the offense alleged to have been committed by Defendant." The state filed a motion to amend the indictment and a memorandum contra Hamilton's motion to dismiss.

{¶ 3} On June 4, 2008, the trial court issued a decision and entry denying the motion to dismiss and granting the motion to amend the indictment. The trial court determined, "Crim.R. 7 permits the amendment of an indictment before, during or after trial provided no change is made in the name or identity of the crime charged. * * *

{¶ 4} "After the amendment in Mr. Hamilton's case, the indictment on which the Defendant will proceed to trial will not omit the essential mens rea element, and the Defendant will have due notice of all the elements of the offense." The trial court further noted that Hamilton did not allege that he would be misled or prejudiced by the amendment.

{¶ 5} On June 11, 2008, Hamilton filed a motion to reconsider the court's decision denying the motion to dismiss the indictment, which the trial court denied.

{¶ 6} On June 20, 2008, Hamilton pleaded no contest to discharge of a firearm on or near prohibited premises, in exchange for the state's agreement to drop the firearm specification and to agree to a sentence of community control. Hamilton was sentenced to a period of five years of community-control sanctions.

{¶ 7} Hamilton asserts one assignment of error as follows:

{¶ 8} "The trial court erred and denied defendant's constitutional right to answer only to an indictment of crime by a duly constituted grand jury, by failing to dismiss the defective indictment and allowing the state to amend the fatally defective indictment."

{¶ 9} According to Hamilton, "the amended indictment changed the 'identity' of the charge against Mr. Hamilton since the original indictment did not charge a crime at all." The state responds that "the addition of an essential element of the charge did not amend the substance of the indictment." The state relies upon *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144. On March 20, 2009, the state filed a notice of additional authority, further directing our attention to *State v. Rice,* Hamilton App. No. C–080444, 2009-Ohio-1080, 2009 WL 635183 (referencing *O'Brien* in dicta).

{¶ 10} In *O'Brien,* the defendant was indicted upon, inter alia, two counts of endangering children, and he moved to dismiss the two counts on the basis that each failed to include the element of recklessness. *O'Brien,* 30 Ohio St.3d at 122–123, 30 OBR 436, 508 N.E.2d 144. The trial court overruled the motion to

dismiss, and a jury was impaneled. Id. at 123, 30 OBR 436, 508 N.E.2d 144. At the conclusion of the state's case-in-chief, the trial court dismissed one count of endangering children, and after the defense rested, the state moved to amend the remaining endangering-children charge to include the mens rea of recklessness. Id. The trial court granted the state's motion, and the court of appeals reversed the decision of the trial court, determining that "the omission of the mental state element fatally flawed the indictment, and that allowing appellant to cure such an error permitted the jury to convict the accused on a charge essentially different from that upon which the grand jury indicted him." Id.

{¶ 11} The Supreme Court of Ohio subsequently noted on appeal that Crim.R. 7 "controls the sufficiency of and amendments to criminal indictments." *O'Brien,* 30 Ohio St.3d at 124, 30 OBR 436, 508 N.E.2d 144. The rule provides: "The indictment shall * * * contain a statement that the defendant has committed a public offense specified in the indictment. * * * The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B).

{¶ 12} Further, *O'Brien* considered Crim.R. 7(D), which provides: "The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." *O'Brien,* 30 Ohio St.3d at 125, 30 OBR 436, 508 N.E.2d 144.

{¶ 13} *O'Brien* determined that the addition of the term "recklessness" to the indictment did not change the name or the identity of the crime of endangering children, and the addition did not change the penalty or the degree of the offense charged, and the court found that the amendment was proper pursuant to Crim.R. 7(D). *O'Brien,* 30 Ohio St.3d at 126, 30 OBR 436, 508 N.E.2d 144.

{¶ 14} In the next step of its analysis, *O'Brien* applied the remainder of Crim.R. 7(D) to O'Brien's indictment. Id. The rule further provides: "If any amendment is made to the substance of the indictment, * * * the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by postponement thereof to a later day with the same or another jury."

{¶ 15} The court noted that the addition of recklessness to the indictment amended its substance, but it noted that O'Brien did not move for the discharge

of the jury after the indictment was amended. *O'Brien,* 30 Ohio St.3d at 126, 30 OBR 436, 508 N.E.2d 144. According to the court, "[e]ven had appellee done so, we find that it would have been proper for the trial court to overrule the motion as the appellee would have been unable to show that he had been misled or prejudiced by the permitted amendment. Appellee had notice of both the offense and the applicable statute. Appellee's knowledge of the appropriate mental state standard is evidenced by his continuing efforts, before and during trial, to dismiss the indictment on the basis that such element was *not included* in the indictment." Id. The court found that O'Brien "was neither misled nor prejudiced by the amendment to the originally defective indictment." Id.

{¶ 16} In conclusion, *O'Brien* held, "An indictment which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment." Id. at paragraph two of the syllabus.

{¶ 17} In contrast to the state, Hamilton relies upon *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*"Colon I"*), and after thorough review thereof, we conclude that *Colon I* implicitly overruled *O'Brien.* In *Colon I,* in summary, the indictment for aggravated robbery omitted the required mens rea for the charge, Colon did not object to the indictment, there was no evidence that Colon had notice that the state was required to prove recklessness, and the state did not argue that Colon was reckless in inflicting physical harm on the victim. Id. at ¶ 29–30. Further, the trial court did not instruct the jury on the required mens rea of recklessness, and during closing argument, the state treated robbery as a strict-liability offense. Id. at ¶ 31.

{¶ 18} The Supreme Court concluded, "[T]he defective indictment in this case failed to charge all the essential elements of the offense of robbery and resulted in a lack of notice to the defendant of the mens rea required to commit the offense. This defect clearly permeated the defendant's entire criminal proceeding. The defendant did not receive a constitutional indictment or trial, and therefore, the defective indictment in this case resulted in structural error." Id. at ¶ 32.

{¶ 19} While Colon did not raise the issue of his defective indictment until after judgment, Hamilton objected to the indictment at the trial court level on the basis that it lacked a culpable mental state. In *Colon I,* the Supreme Court noted, "[O]ur case law follows the Ohio Constitution, which provides that 'no person shall be held to answer for a capital, or otherwise infamous, crime, unless on *presentment or indictment of a grand jury.*' Section 10, Article I, Ohio Constitution. 'The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements

identifying and characterizing the crime has been omitted from the indictment such defective indictment is insufficient to charge an offense, and *cannot be cured by the court,* as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment *essentially different from that found by the grand jury.'  Harris v. State* (1932), 125 Ohio St. 257, 264, 181 N.E. 104." (Emphasis added.)  Id. at ¶ 17.  See *State v. Childs* (2000), 88 Ohio St.3d 558, 728 N.E.2d 379 (An indictment must, first, contain the *elements* of the offense charged and fairly inform the defendant of the charge against which he must defend).

{¶ 20} The Supreme Court further emphasized the critical function of the grand jury in fairly instituting criminal proceedings, noting that its holding in *Colon I "protects defendants' right to a grand jury indictment.*  The grand jury is an important part of American citizens' constitutional rights.  Our grand jury system is derived from its English counterpart, and the concept was brought to this country by early colonists and incorporated into the federal Constitution. * * *  'The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes.  * * * Despite its broad power to institute criminal proceedings the grand jury grew in popular favor with the years.  It acquired an independence in England free from control by the Crown or judges.'

{¶ 21} "In discussing the grand jury provision of the federal Constitution, which is very similar to the grand jury provision of the Ohio Constitution, the Supreme Court of the United States has stated that the grand jury is a 'constitutional fixture in its own right.'  * * *  'In this country the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by *"a presentment or indictment of a Grand Jury."*  The grand jury's historic functions survive to this day.  Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions.' "  (Emphasis added and citations omitted.)  *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 39–40.

{¶ 22} Hamilton's indictment provides: "The Grand Jurors of the County of Montgomery, in the name, and by the authority of the State of Ohio, upon their oaths do find that Frank Robert Hamilton, III, on or about September 8, 2007, in the County of Montgomery aforesaid, and State of Ohio, did discharge a firearm upon or over a public road or highway and said violation caused serious physical harm to a person;  contrary to the form of the statute (in violation of Section 2923.162(A)(3) and (C)(4) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio."

{¶ 23} Pursuant to *Colon I*, the error in Hamilton's indictment cannot be cured by the court, and the trial court accordingly erred in allowing the state to amend the indictment. In other words, by its error, the trial court required Hamilton to answer for the crime charged other than on "presentment or indictment of a grand jury," in violation of Hamilton's constitutional rights.

{¶ 24} Finally, we note our awareness that the precedential value of *Colon I* was subsequently limited to its unique facts by *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II*"). In *Colon II*, the court stressed that structural-error analysis of a defective indictment is appropriate only in rare cases when multiple errors follow the defective indictment, as in *Colon I*. Id. at 205, 893 N.E.2d 169. The matter herein, however, is not one of structural error permeating a trial (Hamilton pleaded no contest), nor plain error (Hamilton objected to the indictment prior to judgment), and Hamilton's amended indictment is not saved by *Colon II*'s limitations of *Colon I*.

{¶ 25} Hamilton's sole assignment of error is sustained, and the judgment of the trial court is reversed.

Judgment reversed.

BROGAN and FAIN, JJ., concur.